# Vandeventer & Co. v. Ford & Moseley.

*Action for Breach of Special Contract.*

1. *Relevancy of evidence, as to terms of contract.*—In an action to recover damages for the breach of a special contract, for the purchase of a fence ordered by plaintiffs for defendants, and which defendants refused to receive because it was not made altogether of iron, the fact that defendants, after their refusal to receive the fence ordered by plaintiffs, "actually purchased an iron fence, and the amount paid for it," are not relevant and admissible evidence for defendants.

[Vandeventer & Co. v. Ford & Moseley.]

2. *When admission of irrelevant evidence is reversible error.*—The admission of irrelevant evidence, which has a tendency to mislead the jury, or to confuse and distract their minds, is an error which will work a reversal of the judgment.

3. *Charges as to sufficiency of evidence.*—In civil cases, where the evidence is equally balanced, the verdict of the jury must be against the party on whom rests the burden of proof; and a mere preponderance of the evidence, when it produces a reasonable conviction in the minds of the jury, is sufficient to sustain a verdict; but it is error to instruct the jury, as matter of law, either that they must find according to the preponderance of the evidence, or that they can not so find.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

This action was brought by John D. Vandeventer and John Van Valkenburg, suing as partners, against John J. Ford and Daniel A. Moseley, to recover damages for the breach of a special contract, by the terms of which, as alleged in the complaint, the plaintiffs ordered a fence for the defendants, at their request, from the "American Fence Company," at Cleveland, Ohio; but the defendants refused to receive the fence when tendered, because it was not made altogether of iron, as they insisted it should have been. The defendants pleaded, "in short by consent," 1st, the general issue; 2d, payment; 3d, accord and satisfaction; 4th, failure of consideration; 5th, want of consideration; 6th, fraud; 7th, the statute of frauds; and issue was joined on all these pleas.

On the trial, as the bill of exceptions shows, it appeared that the contract between the parties was made by and between John D. Vandeventer, acting for the plaintiffs, and Daniel A. Moseley, acting for himself and others; and their testimony is thus stated in the bill of exceptions: "John D. Vandeventer testified, that in January, 1871, the defendants applied to his firm to procure for them a fence, with which to inclose a family burial ground; that he replied, he had the circular of the 'American Fence Company,' of Cleveland, Ohio, which contained diagrams of different styles of fences; and he thereupon produced one of said circulars for defendants' inspection, and informed them, at the same time, that said circular contained all the information he could give them on the subject of the fences, as he had never seen one of them himself. After several interviews on the subject, the witness said, defendants selected one of the diagrams or models on said circular, and directed his firm to order for defendants, from the said 'American Fence Company,' a fence of the selected model, or pattern, to inclose ground forty feet square, making one hundred and sixty feet of fencing, and agreed to pay therefor $1.25 per foot, being the price stated under said diagram, together with all costs or

[Vandeventer & Co. v. Ford & Moseley.]

expenses of transportation. Acting upon said instructions, plaintiffs did order from said company in Ohio a fence of the character indicated by said selected pattern, and said company shipped said fence in obedience to said order; and plaintiffs paid $200, the price of the fence, and the costs of its transportation. But, upon the arrival of said fence, and its tender by plaintiffs to defendants, defendants absolutely refused to accept it, assigning, as a reason for their refusal, that they had ordered and expected a fence made entirely of iron; whereas the fence tendered was partly of wood, and partly of iron. Witness then said to defendants, 'Didn't I tell you, it was part wood, and part iron?' to which they replied, 'Yes, but we expected the corners only to be of wood.' Witness said, that the fence ordered was of a character to be useful only to parties specially ordering the same: 'No one wants that same fence.' Before the institution of this suit, witness testified, plaintiffs proposed to defendants, in order to avoid litigation, if defendants would pay the costs of transportation both ways, they would be willing to thus settle and compromise the matter; which proposition defendants declined to accept. The said circular was introduced in evidence by plaintiffs, and is incorporated as a part of this bill of exceptions." (But it has been detached from the transcript, and no copy of it is set out.) "A portion of the fence itself, with the iron foundation, was also produced in evidence on the part of the plaintiffs; and they testified, that it corresponded exactly with the representations, explanations, and model contained in the circular. The fence so produced was of wood, except that pieces of iron were placed over the ends of the nails [rails?], covering the joints or connections, and except also that the base of the fence was of iron."

"Defendants proved, by said Daniel A. Moseley, that he was acting as agent for his co-defendant, John J. Ford, and another Ford who lived in Texas, by whom he had been furnished ample means to purchase a fence for a family burial ground; and that he applied to Vandeventer & Co., and stated that they desired a fence made entirely of iron; but that the fence they ordered, and expected to receive, was to have a block of wood in its corners, and all the rest iron. Witness further stated, that the circular of the 'American Fence Company' was submitted to defendants, and that they selected one of the diagrams therein contained, as a pattern for a fence, which was, according to their understanding of the contract, to be all of iron, except the blocks of wood in the corners; and that upon the arrival of the fence ordered by plaintiffs, defendants refused to accept and pay for it,

because it was not the fence, 'all of iron,' they expected. Witness further testified, on cross-examination, that he did not remember exactly what defendants agreed to pay for the fence, nor whether they had ordered it by the foot or by the pound; but that his best recollection was, that they were to pay within ten dollars of $250 for the fence, including the freight charges. In the course of his examination, defendants' counsel propounded this question to said Moseley: ' State whether or not it is a fact that, subsequent to defendants' refusal to accept the fence tendered by plaintiffs, defendants actually purchased an iron fence; and if so, how much was paid by them for said iron fence?' Witness stated, in reply, that they did purchase an iron fence, with which they inclosed said cemetery; that said fence was seventy-two feet long, and they paid $153 for it; and that it was much more tasteful and ornamental than that ordered by plaintiffs." The plaintiffs objected to this question, when propounded, "on the ground that it was irrelevant and illegal," and they reserved an exception to the overruling of their objection; but the record does not show that they objected or excepted to the answer.

There was other evidence in the case, on both sides, but it is not necessary to state it. The bill of exceptions purports to set out all the evidence. The court gave several charges to the jury, to which no exception was reserved, and gave also the following charges, at the instance of the plaintiffs: "If the jury believe that said printed circular was the basis of the contract between the parties, and that the plaintiffs were guilty of no fraud, misrepresentation, or concealment, in reference to the nature or quality of said fence, and complied with àll its requirements on their part; then they are entitled to recover such damages of the defendants as they have sustained from the defendants' failure to complete their purchase." The court also gave to the jury, on the request in writing of the defendants, the following charges:

" 1. That the words 'the basis of the contract,' as used in the said charge given at the request of the plaintiffs, means the contract itself; and if the jury find, from the evidence, that the contract made between the parties was for an iron fence, though of a pattern or design on the printed circular, then the plaintiffs are not entitled to recover, although the fence furnished was of the pattern selected by the defendants.

" 2. That, to entitle the defendants to a verdict, it is not necessary for them to find that Vandeventer was guilty of fraud in his representations: that if the fence furnished was not the fence which the defendants contracted to buy, that fact alone entitled the defendants to a verdict.

" 3. That the plaintiffs are not entitled to recover, unless the jury find, from the evidence, ·that the fence they purchased was the fence which the defendants by their contract agreed to take.

" 4. That before the jury are authorized to find a verdict for the plaintiffs, they must be satisfied, to a reasonable certainty, that the fence furnished was the kind of fence the defendants contracted to buy.

" 5. That if there is as much evidence tending to show that the contract was not for a fence of the character furnished, as that the fence was of the character agreed to be furnished, then the plaintiffs are not entitled to recover."

The plaintiffs excepted to each of these charges, and requested the court, " as a counter charge to No. 5 given at the instance of the defendants," to give the following charge, which was in writing: " The verdict of the jury must be based upon the conviction the evidence produces on their minds; and that conviction should be produced after weighing all the evidence before them -- not by deciding on the equilibrium or preponderance of evidence." The court refused to give this charge, " stating that there was no question of equilibrium in the case." The plaintiffs excepted to the refusal of the charge as asked, " and then offered to strike out the word 'equilibrium;' " but the court still refused to give the charge, and the plaintiffs excepted to its refusal.

The rulings of the court on the evidence, and in the charges given and refused, to which exceptions were reserved by the plaintiffs, are now assigned as error.

HUMES & GORDON, for appellants.—The evidence objected to was not relevant to the issues joined, and was calculated to mislead the jury, by confusing their minds as to the real issues in the case.—1 Brickell's Digest, 808, §§ 75–8 ; *Fail & Miles v. McRee*, 36 Ala. 61 ; *Crews v. Threadgill*, 35 Ala. 334 ; *Foster v. Chamberlain*, 41 Ala. 158 ; *King v. Mitchell*, at June term, 1875 ; *Gouge v. Roberts*, 53 N. Y. 619. The admission of this evidence is an error which will work a reversal ; since the established rule is, that injury will be presumed from error, unless the record shows that no injury could have resulted.—*Frierson v. Frierson*, 21 Ala. 549 ; *Bilberry v. Mobley*, 21 Ala. 277 ; *Cox's Adm'r v. McKinney*, 32 Ala. 461 ; *Shields v. Henry & Mott*, 31 Ala. 53 ; *Buford v. Gerald*, 35 Ala. 265 ; *Pool v. Devers*, 30 Ala. 676 ; *Thomas v. De Graffenreid*, 27 Ala. 658. The sale was by sample ; and in such case, the seller undertakes only that the article fur-

nished shall be of the quality of the sample.—*Ricks v. Dilla-hunty*, 8 Porter, 140; *Andrews v. Kneeland*, 6 Cowen, 354; *Bradford v. Manley*, 13 Mass. 139; 75 Penn. St. 232. The court erred, also, in the charges given and refused as to the weight and sufficiency of the evidence.—*Jarrell v. Lillie*, 40 Ala. 214; *Mays v. Williams*, 27 Ala. 272; *Acklen's Adm'r v. Hickman*, at the present term.

L. P. WALKER, *contra.*

STONE, J.—We feel bound to reverse this case. The fact that defendants, after they refused to receive the fence ordered for them by plaintiffs, 'actually purchased an iron fence,' and the amount paid for such fence, were wholly irrelevant to the issues on trial in this cause. Their tendency was, at least, to confuse and distract the minds of the jurors, if not to mislead them.—*Crews v. Threadgill*, 35 Ala. 334; *Storey v. Union Bank*, 34 Ala. 687 : *Tanner v. Louisville and Nashville Railroad*, at the present term; *Sayre v. Durwood*, 35 Ala. 247; 1 Brick. Dig. 808. See, also, authorities on brief of appellant.

The charge asked by plaintiffs, though copied substantially from the opinion in *Jarrell v. Lillie*, 40 Ala. 274, was rightly refused. It was calculated to mislead the jury, by a confusion of terms. The rules, deducible from the various rulings of this court, which should govern the jury in weighing evidence in civil causes, may be summarized as follows : If the testimony be evenly balanced, or in equilibrium, which is the same thing, then the verdict must be against the party on whom the burden of proof rests.—*Lindsey v. Perry*, 1 Ala. 203; *Jarrell v. Lillie*, 40 Ala. 271. A charge, asserting that the jury must find according to the preponderance of the evidence, is erroneous, because that preponderance may not convince the minds of the jury.—*Mays v. Williams*, 27 Ala. 267. So, a charge that a jury can not find a verdict on the preponderance of evidence, would be equally erroneous ; for the preponderance of evidence might satisfy the minds of the jury. We can not clearly comprehend how evidence can be *weighed*, without considering its *equilibrium*, or *preponderance.* That is implied in the mental process of weighing. The true measure, or weight of proof, to justify a verdict based upon it, is, that it shall reasonably convince, or satisfy the minds of the jury, that the fact exists. This conviction, or satisfied mind, may rest on a preponderance of evidence, if that preponderance produces reasonable conviction of the mind. But, while preponderance, or tendency of the evidence, may produce conviction, it does not neces-

sarily do so; and it is error to instruct the jury, as matter of law, that either one or both requires the jury to base their verdict upon it. It may convince them, and they may find their verdict upon it. It does not necessarily do so; and if it does not, as matter of fact, convince their minds, they should not find their verdict upon it.—1 Brickell's Dig. 335, § 5; *1b.* 337, § 20.

We do not assent to the proposition that, in this case, the 'basis of the contract,' is the contract itself.

Reversed and remanded.

BRICKELL, C. J., not sitting, having been of counsel.