# Behrman & Winter v. Newton..

*Action to recover Damages for Breach of Contract.*

1. *Actions ex contractu; plea of the general issue.*—In actions *ex contractu*, the plea of the general issue puts in issue the truth of the allegations of the complaint; and if the defendant does not rely solely on a denial of the plaintiff's cause of action, he must, under the statute (Code, § 2675), plead specially the matter of defense.

2. *Same; plea of recoupment.*—Under a plea of recoupment, the defendant may recover any damages sustained by him which grow out of the matters set forth in plaintiff's complaint, or which arise from plaintiff's breach of the contract on which his suit is founded, or from his violation of any duty imposed by the contract.

3. *Contract of sale; right of repudiation.*—Where a contract has been made for the sale of a stock of goods at a certain *per cent.* of their original cost, and the seller refuses to deliver the goods, or any part of them, at that price, the buyer is released from the purchase, and can repudiate the contract *in toto.*

4. *Same; waiver of a breach* —Where a contract has been made for the sale of a stock of goods at a certain *per cent.* of their original cost, and while taking an inventory thereof the buyer discovers that the

[Behrman & Winter v. Newton.]

cost prices placed upon the goods were in excess of their original cost, but the matter is adjusted between the parties, the buyer can not, in an action subsequently brought against him by the seller for a breach of the contract in refusing to accept said goods, set up such changes in the cost prices as a defense; his failure to repudiate the contract because of such changes constituting a waiver of the breach of the contract in this respect by the seller.

5. *Evidence; when fact of property insured and amount of insurance paid irrelevant.*—In an action to recover damages for the breach of a contract for the sale of a stock of merchandise, the fact that prior to the sale the seller had insured the goods and had collected a certain amount for loss by fire, is irrelevant to any issue involved, and evidence of such fact is inadmissible.

6. *Same; statement by plaintiff as to benefit and profit from sale admissible.*—Where, in an action against the purchaser to recover damages for the breach of a contract for the sale of a stock of merchandise, the defense interposed is that the plaintiff was guilty of a breach of said contract, by altering the original cost marks on the goods so that the prices to be paid for them were not as cheap as the goods could have been bought in the market, after having agreed to sell them at a certain *per cent.* of their original cost, and guaranteed that they were bought much below market price, it is permissible for a witness to testify that the plaintiff told him he could purchase "new goods for the price he was selling the goods to defendant, and that he had made $3,000 out of the goods;" such evidence being admissible as shedding light upon the proper cost of the goods sold, and upon plaintiff's guaranty.

7. *Charge to the jury; ignoring tendencies of the evidence, and authorizing a verdict if plaintiff attempted to commit a fraud.*—In an action for the breach of a contract, a charge asked by defendant, which ignores certain evidence tending to show a waiver by defendant of a breach of the contract by plaintiff, and requires a verdict for defendant if plaintiff "attempted" to practice a fraud upon defendant, whether the "attempt" was successful or not, is properly refused.

8. *Charge as to measure of proof.*—In a civil case, to justify a verdict, the evidence must reasonably satisfy the minds of the jury that the facts, upon which their verdict is based, exist; and in an action on a contract, a charge is free from error which instructs the jury that "The plaintiffs must satisfy the jury by a preponderance of the evidence that the contract relied upon by them is the true contract, and unless this is done, the defendant is entitled to a judgment."

9. *Argumentative charges* should never be given.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

This was an action brought by the appellants, Behrman & Winter, against the appellee, W. F. Newton, to

[Behrman & Winter v. Newton.]

recover damages for the alleged breach of contract of sale, which had been entered into by the plaintiff and the defendant. The facts of the case are sufficiently stated in the opinion. The goods were in Dothan at the time of sale.

Upon the cross-examination of the plaintiffs, they were asked "If they had insurance on the goods?" The plaintiffs objected to this question, on the ground that it called for irrelevant and immaterial evidence, and duly excepted to the court overruling their objection. The defendant offered as a witness one Crawford, who, among other things, testified, that the plaintiff, Behrman, had said to him that he could purchase nice, new, clean goods for the same price he was selling the goods in question to the defendant; and that the plaintiffs had made $3,000 out of the said goods. The plaintiffs moved to exclude this testimony from the jury because it was hearsay evidence, irrelevant and illegal. The court overruled the objection, and the plaintiffs duly excepted.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave to the jury the following written charges: (1.) "Fraud vitiates or annuls every contract into which it enters; and if the jury believe that there was any fraud practiced or attempted to be practiced by plaintiffs, or either of them, upon defendant, then so far as defendant is concerned, this alleged contract of sale and purchase was a void contract, and plaintiffs can not recover." (4.) "The plaintiffs must satisfy the jury by a preponderance of the evidence that the contract relied upon by them is the true contract, and unless this is done the defendant is entitled to a judgment at their hands." (6.) "The fact, if it be a fact, that the plaintiff, Behrman, did not contradict the testimony of the witness Crawford, relative to the conversation between them as to the price and condition of the goods, nor attempt to contradict him, is a circumstance at which the jury may look, in connection with all the other evidence in the case, in determining whether or not Crawford spoke the truth in those matters about which he testified." (7.) "If the jury believe from the evidence in this case that the plaintiffs intentionally marked some of the goods embraced in the terms of the sale at a price higher than they cost laid down in Dothan, and that when the in-

[Behrman & Winter v. Newton.]

ventory was being taken by plaintiffs and the defendant, the plaintiffs intentionally concealed this fact from the defendant, then this was a fraud attempted to be practiced upon the defendant, and your verdict will be for the defendant." (8.) "If the jury believe from the evidence that the plaintiffs intentionally altered or raised the cost mark of the goods, the subject of this controversy, above the actual cost of the same, then this was a fraud upon the defendant, which authorized him to retire from the contract, and if a part of the goods only were so marked by the plaintiffs, then the defendant had a right to refuse to take said goods, and in such event the plaintiffs cannot complain that defendant has damaged them." The plaintiffs reserved a separate exception to the giving of each of these charges.

There was judgment for the defendant. The plaintiffs appeal, and assign as error the various rulings of trial court, to which exceptions were reserved.

T. M. ESPY and R. H. WALKER, for appellant.—The court erred in giving charge number one requested by the defendant. Fraud without injury or a mere attempt to commit fraud will not authorize the maker to avoid his contracts.—2 Parsons Contracts, (7th Ed.), p. 911; Bump. on Fraudulent Conv., p. 19; *Hodges Bros. v. Coleman*, 76 Ala. 103; *Fellows v. Lewis*, 65 Ala. 343.

The court erred in giving charge number four, which exacts too high a measure of proof.—*Vandeventer v. Ford*, 60 Ala. 610; *Wollner v. Lehman*, 85 Ala. 227; *Rowe v. Baber*, 93 Ala. 422; *Harris v. Russell*, 93 Ala. 59.

Charge number seven ignores material portions of the evidence, and instructs the jury to find for the defendant, on a state of facts hypothecated, and was, therefore, erroneous.—*Birmingham Fire Brick Works v. Allen*, 86 Ala. 185; *Hancock v. Kelly*, 81 Ala. 368; *M. & B. R. R. Co. v. Holborn*, 84 Ala. 133; *Marks v. Lienkauff & Strauss*, 93 Ala. 453.

A. E. PACE, *contra*.

COLEMAN, J.—This was an action brought to recover damages for the breach of an agreement, entered into between the plaintiffs and defendant, for the sale of a certain stock of goods, the purchase price being fixed

[Behrman & Winter v. Newton.]

at a certain per cent. on the cost mark of the goods. The breach averred, is that the defendant refused to accept the goods according to contract. The defendant pleaded in short by consent, 1st. The general issue; 2d, recoupment. There were no other pleas, and issue was joined upon these pleas. No facts are admissible in evidence which are not directed to the support of the facts averred in the complaint and in the pleas, and no instructions should be given which are not applicable to the issues before the jury. In actions *ex contractu*, except it be otherwise provided, the general issue is an averment that the allegations of the complaint are untrue, and puts in issue only the truth of such allegations, and if the defendant does not rely solely on a denial of the plaintiff's cause of action, he must plead specially the matter of defense.—Code, § 2675. Under the plea of recoupment damages may be recovered by the defendant, which grew out of, or are connected with, as a part of, the matters set forth in the plaintiff's complaint and in breach of the contract upon which suit is founded, or in violation of a duty imposed by the contract.— *Ewing & Gaines v. Shaw & Co.*, 83 Ala. 333; *Martin & Co. v. Brown*, 75 Ala. 442; *Hatchett v. Gibson*, 13 Ala. 593.

The evidence on the part of the plaintiffs tended to show a contract for a sale of a stock of goods to defendant at 65 cents on the dollar as shown by the cost mark of the goods as then marked, and a readiness to perform their part of the contract, and the refusal of the defendant to accept the goods and pay for them the stipulated price. The evidence for the defendant tended to show that the terms of the sale were that the defendant was to pay sixty-five cents on the dollar according to the original cost marks, and as a part of the sale contract, the plaintiffs guaranteed to defendant that "the goods were bought from fifteen to twenty-five per cent. cheaper than the same goods could then be bought in the market;" and defendant then offered evidence tending to show that plaintiffs had altered the original cost mark and had marked the goods up, and that the prices were not as cheap as the goods could have been bought in the market. The plaintiffs offered evidence tending to show that if the goods were marked up the defendant waived any objec-

tion to the sale and purchase on this account. There was other evidence, but this statement is sufficient for the purposes of considering the questions assigned as error.

There should be no difficulty in applying legal principles to the facts of the case. The jury must determine the truth when the facts are controverted. If the plaintiffs agreed to sell the goods at sixty-five cents on the original cost mark, and refused to deliver them at this price, or any part of the goods, the defendant was relieved from the purchase, and had the right to reject the goods and repudiate the contract *in toto*. On the other hand, if while taking an inventory of the goods, the defendant ascertained that the original cost mark had been erased and a higher cost mark placed upon the goods, and the matter was adjusted, and the breach on the part of the plaintiff waived by the defendant, the defendant had the right to make such waiver, and he could not afterwards set up such breach in defense of the action. This was a disputed fact to he determined by the jury. Again, if the plaintiff as a part of the contract of sale guaranteed that the goods were bought at from fifteen to twenty-five per cent. cheaper than such goods could have been purchased in the market, he would be compelled to make his guaranty good to the purchaser, under the facts of this case, and the defendant could recover any loss sustained from a breach of the guaranty ; and the same principles would apply to any guaranty made by the plaintiff as to the character or quality of the goods.

The undisputed facts show that the defendant declined to receive the goods, and there was no evidence offered by the defendant furnishing *data* upon which his damages could be computed.

We can not see the relevancy of the evidence that plaintiff had collected from the insurance company prior to the sale to defendant one thousand dollars, damages for loss by fire. The defendant had no interest in the goods at that time and none in the policy of insurance. We do not think the court erred in admitting the statement of plaintiff Behrman to the witness Crawford that ''he could purchase nice, new, clean goods for the price he was selling the goods to defendant, and that he had made three thousand dollars out of the goods.'' This evidence

[Behrman & Winter v. Newton.]

might tend to shed light upon the proper cost mark of the goods, and also upon plaintiffs' guaranty.

The court erred in giving charge No. 1 for the defendant. This charge ignores the evidence which tended to show that the defendant waived the marking up of the goods above the original cost mark, and required a verdict for the defendant if the plaintiff "attempted" a fraud, whether the "attempt" was successful or not.

There was no error in giving charge No. 4. A jury can not be reasonably satisfied of the existence of a disputed fact, unless there is a preponderence of the evidence in its favor. In *Acklen, Admr. v. Hickman*, 60 Ala. 568, it was held that the preponderance, unless it reasonably satisfies the minds of the jury, is not enough ; and in the case of *Vandeventer & Co. v. Ford & Moseley*, 60 Ala. 610, the rule was laid down, that a charge should not be given which instructed the jury that they should base their verdict upon a mere preponderance of the evidence. In *Rowe v. Baber*, 93 Ala. 422, it is said that the true rule is, that to justify a verdict, the evidence must reasonably satisfy the mind of the jury that the facts exist upon which their verdict is based. These authorities do not conflict with what we have said in reference to charge No. 4. Charge No. 6 is a mere argument. Charges 7 and 8 ignore the evidence tending to show that the defendant waived the marking up of the goods, if in fact they were marked up, higher than the original cost price. We have heretofore criticised the use of the word "attempted" in considering a former charge. These charges require a verdict for the defendant, if the jury should find that the plaintiffs intentionally marked the goods up, although the jury might be satisfied from the evidence that the defendant had waived his right to rescind the contract for this reason, and this question had been satisfactorily adjusted.

What we have said is deemed sufficient to guide the court on another trial, without further specification.

Reversed and remanded.