# American Oak Extract Co. v. Ryan.

*Action on a Contract.*

1. *Illegal evidence in answer to proper question; when motion to
exclude granted.*—While, as a general rule, one who calls for illegal
evidence can not move to exclude it, still, when in answer to a proper
question illegal evidence is replied, such evidence should be excluded
on motion of the party asking the question, whether it be brought
out on direct or cross examination ; and if a witness on cross-exami-
nation, by inadvertence or mistake, in answer to a proper question

22

[American Oak Extract Co. v. Ryan.]

states something as a fact, and. he afterwards shows by further testimony that the matter so stated was not within his knowledge, but rested alone on hearsay, such statements should be excluded as illegal evidence on the motion of him whom it tends to injure.

2. *Expert testimony ; no qualification required to testify as to the value of wood.*—In an action to recover for wood furnished under a contract, it is not necessary that a witness who testified as to the value of the wood sold or furnished under said contract should have been shown to have possessed any peculiar skill, in order to render his testimony competent and admissible.

3. *Charge invading the province of the jury, when no conflict in the evidence.*—Although there may be no conflict in the evidence upon a point at issue, a charge withdrawing from the jury the consideration of the question whether or not they believed such evidence, is erroneous; and in an action to recover for wood sold under a contract, although there is no conflict in the evidence as to the value of the wood furnished, a charge which instructs the jury that if they find for the plaintiff they must estimate the value of the wood at not less than the value so testified to, is erroneous and should be refused ; since such charge should have been predicated on the belief of the jury of the evidence as to the value of the wood.

4. *Pleading and practice ; proper charge when issue formed by the general issue.*—On a trial of a civil cause, where the defendant does not demur to the complaint, but pleads the general issue, a charge which hypothesizes the facts averred in the complaint, and instructs the jury to find for the plaintiff if they believe from the evidence such facts existed, is proper and should be given.

5. *Action upon a contract; general issue and burden of proof; charge to the jury.*—In an action upon a contract, a plea of the general issue puts in issue the truth of the allegations of the complaint, and where such plea alone is filed to the complaint, a charge which instructs the jury that it is incumbent on plaintiff to make out his case as alleged, and that if the contract was different from that alleged, the burden was on the defendant to show it by a preponderance of the evidence, asserts a correct proposition and is properly given.

6. *Same; instruction ignoring material allegations.*—In an action for the breach of an express contract for the sale of wood, where the complaint alleges that the wood was to be removed by means of a barge to be furnished upon being notified by the plaintiff to do so, a charge to the jury which ignores the plaintiff's duty to notify defendant to furnish the barge is erroneous.

7. *Pleading and practice; special pleas; instructions not applicable to the issue formed.*—Under the provisions of the statute (Code of 1886, § 2675) all matters in avoidance or excuse of the wrongful act imputed to a defendant by the complaint must be specially pleaded ; and no facts are properly admissible in evidence which do not tend to support or disprove the allegations of the complaint, and no instructions

[American Oak Extract Co. v. Ryan.]

are proper which are not applicable to the issue formed by the pleadings.

8. *Same; same; same.*—In an action for the breach of an express contract, when the defendant did not demur to the complaint, but pleaded only the general issue and no special pleas, the defendant can not defeat plaintiff's cause of action and his right to recover by proving, as an excuse for non-performance, that the contract contained other stipulations than those averred in the complaint; and instructions basing defendant's right to a verdict upon the existence of such of the acts attempted to be proven, which are outside of the issue formed, are erroneous, and properly refused.

9. *Cumulative charges; their refusal not error.*—Where the court, at the request of one of the parties to a suit, has given several instructions, it may properly decline to give other instructions, requested by the same party, asserting substantially the same propositions as those already given.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by the appellee, F. M. Ryan, against the American Oak Extract Company, to recover an amount alleged to be due plaintiff for 50 cords of wood, under a contract which it was alleged the defendant made with the plaintiff.

The original complaint, in addition to one of the common counts, claimed that the contract was made between the parties on August 12, 1891, whereby the defendant agreed to take 50 cords of wood to be delivered by plaintiff on a barge, which defendant was to place at a point on the Tennessee River, in Morgan county, Alabama, which defendant, after request, made therefor, failed to furnish at the point where the wood was left for shipment.

The cause was tried upon the plea of the general issue, pleaded to the third and fourth counts of the complaint, as amended.

The third count averred a contract entered into by plaintiff and John J. Ryan and defendant on or about August 14, 1891, whereby appellant would take from appellee and John J. Ryan 50 cords wood at $2.50 per cord, at some convenient point on the Tennessee River where the wood could be placed on a barge; appellant to furnish the barge and the other parties to load it; that afterwards John J. Ryan assigned all his interest in the contract to appellee, who placed the wood on the

river and requested appellant to furnish the barge, which it refused to do.

By the fourth count the same facts were averred, and in addition that plaintiff notified defendant of the point on the river bank where the wood was ; and that by reason of defendant's refusal to furnish the barge the wood was destroyed. The material facts of the case are substantially the same as those disclosed on the former appeal, and reported in 104 Ala. 267. The rulings of the court upon the evidence which are reviewed on this appeal are sufficiently shown in the opinion.

At the request of the plaintiff the court gave to the jury, among others, the following written charges : (1.) "If you find for the plaintiff, you must estimate the value of the wood at not less than $2.35 per cord ; calculate interest from the commencement of the suit in this case to the present time, add the interest so calculated to the value of the wood, and give plaintiff judgment for the whole amount." 2. (3) "If you believe from all the evidence in the case, that plaintiff and J. J. Ryan made a contract with defendant, to furnish 50 cords of wood at $2.50 per cord, at a point on the Tennesse River in Morgan county, Ala., and that defendant promised to furnish a barge to load said wood upon when so furnished, and that before said wood was so furnished, and before the commencement of this suit, J. J. Ryan surrendered or sold his interest in said wood and contract, if one was made, to plaintiff ; and you further find that plaintiff furnished said 50 cords of wood in all respects in compliance with said contract, if one was made ; and you further find that defendant could have furnished a barge, owing to the condition of the river, but failed or refused to furnish said barge ; and you further find that by reason of defendant's failure (if there was such failure) to furnish said barge, and remove said wood within a reasonable time, that said wood was destroyed without the fault of plaintiff, then if you find this from all the evidence, your verdict must be for the plaintiff in this case." 3. (4) "Gentlemen of the jury, I charge you, that under the issues formed in this case, it is incumbent upon the plaintiff to establish to your satisfaction that a contract was made with the defendant, and that he has complied with said contract ; but if from all the evidence you find that a con-

tract was made, and that plaintiff has complied with said contract, then before defendant can escape liability on said contract by showing that it was conditioned, such as that its performance would depend upon circumstances, or upon the boatable condition of the Tennessee river, defendant must show by a preponderance of evidence to your reasonable satisfaction that such conditions were a part of the contract, and if from all the evidence you believe a contract was made, that plaintiff complied with said contract, and notified defendant that the wood had been placed on the bank of the Tennessee river, and you further find that after such notification defendant had a reasonable time to remove the wood, and failed to do so, and that the wood was destroyed without plaintiff's fault, then your verdict must be for the plaintiff in this case." 6. (3) "Gentlemen, in trying questions of fact, the law does not count witnesses, and if from all the evidence in the case you are reasonably satisfied that the Tennessee river, from October 2, to November 5, 1891, was in such a boatable condition as would have permitted the landing of a barge where the wood was, then you should find for the plaintiff, provided you find that defendant made a contract with plaintiff, that plaintiff complied with it, and defendant had a reasonable time to remove said wood after it was placed on the bank of the Tennessee river, but failed to do so, and the wood was destroyed; and in coming to this conclusion, you are not required to count the number of witnesses on either side, but should render your verdict according to the evidence of those witnesses whose evidence, taken in connection with all the evidence in the case, reasonably satisfies you of the truth of their story."

The defendants separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the many charges requested by it. It is unnecessary to set out these charges in detail.

There were verdict and judgment for the plaintiff in the sum of $140.12. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

E. W. GODBEY and D. W. SPEAKE, for appellant.—
1. If the conversation with Russell amounted to a

proposition to plaintiff, there was still no contract. There must be an express or implied acceptance of a proposition before it can culminate into a contract. There was here no reasonable notice of acceptance. The stacking of the wood on the river bank a month or two after the conversation with Russell, came too late for such notice. To charge defendant with fault in not being ready to go and get the wood it should previously have been notified that it might be expected.—*Martin v. Black*, 21 Ala. 721; *Strong v. Catlin*, 35 Ala. 607; *Gas Light Co. v. City*, 87 Ala. 256.

2. As no day was named for furnishing a barge, defendant had a reasonable time in which to furnish it. What would be a reasonable time depends on circumstances, not the least of which, in this case, was the stage of the river, from notice that the wood was on the bank until its alleged destruction. A reasonable time *vel non* was as much part of plaintiff's case as of defendant's, and a special plea setting up any of the elements of a reasonable time was unnecessary.

3. It has been many times decided that where evidence is introduced without objection, on both sides of a mooted question, and charges thereon requested and given and refused, such for instance, as the question of contributory negligence, the court will regard it as if properly pleaded.—*R. R. Co. v. Farmer*, 97 Ala. 141; *R. R. Co. v. Burton,* 97 Ala. 240.

4. The proof was uncontroverted, that while the wood was on the bank, the boat had no occasion to pass, and did not pass that place. On this ground alone defendant was entitled to the general affirmative charge. *Sanborn v. Rodgers*, 33 Fed. Rep. 851.

O. KYLE, *contra.*—1. There was a sufficient performance of the contract.—*Case v. Green*, 30 Amer. Dec. 311; *Palmer v. Fogg,* 35 Me. 368.

This was a unilateral contract.—2 Rapalje & Lawrence's Law Dictionary, p. 1310, "Unilateral Contract;" Langdell Sel. Cases Contracts, 1092; 1094. "In a unilateral contract, upon performance by the offeree the offerer is bound."—3 Amer. & Eng. Encyc. of Law, 847, note; *Train v. Gold*, 5 Pick. (Mass.) 380; *Turnpike Co. v. Coy*, 13 Ohio St. 84; *Beckwith v. Brackett*, 97 N. Y. 52; *Morse v. Bellows*, 7 N. H. 549; *Matheson v. Fitch*, 22 Cal.

[American Oak Extract Co. v. Ryan.]

86 ; *Perkins v. Hadsell*, 50 Ill. 216. And, in the absence
of a stipulation in the contract as to when the contract
should be performed, the proposal is limited to a reason-
able time.—3 Amer. & Eng. Encyc. of Law, 846 and
note 3 ; *Minnesota Oil Co. v. Collier Lead Co.*, 4 Dillon
(U. S.) 431 ; *Atwood v. Cobb*, 16 Pick. 227 ; 26 Amer.
Dec. 657 ; *Williams v. Hart*, 116 Mass. 515. As to what
is a reasonable time, depends upon the circumstances of
each particular case.—*Cotton v. Cotton*, 75 Ala. 346 ; *How-
ard v. R. R. Co.*, 91 Ala. 269. This being a unilateral
contract, and accepted by the plaintiff by performance,
it is not, and was not necessary to give notice of the ac-
ceptance, as such notice had not been requested by de-
fendant.—3 Amer. & Eng. Encyc. of Law, 847 ; *Reif v.
Paige*, 55 Wis. 496 ; *Hayden v. Souger*, 56 Ind. 42 ;
*Powers v. Bumcratz*, 12 Ohio St. 273 ; *Douglass v.
Howland*, 24 Wend. (N. Y.) 35.

The defendant having made a contract with plaintiff,
even if the river had not been navigable, it would not
excuse defendant.—*School Dist. v. Dauchy*, 68 Amer. Dec.
371 ; *Harmony v. Bingham*, 12 N. Y. 106 ; *Adams v.
Nichols*, 19 Pick. 275 ; *Brumby v. Smith*, 3 Ala. 123 ;
*Supt. Schools v. Bennett*, 72 Amer. Dec. 373 ; *Beatie v.
Rocky Branch Coal Co.*, 56 Mo. App. 221 ; 3 Amer. &
Eng. Encyc. of Law, 900.

The general issue in no case puts in issue anything but
the allegations of plaintiff's complaint. It is said in
*Petty v. Dill*, 53 Ala. 645, "The plea is a mere general
denial of the allegations of the complaint, without aver-
ing any special matter of defense. It cast on the plain-
tiff the *onus* of proving every material allegation of the
complaint ; it limited the defense to evidence in disproof
of them. No matter in avoidance of the allegations of
the complaint, or in excuse or justification of the wrong-
ful act imputed to the defendant was within the issue
found. All such matters the statute required to be spec-
ially pleaded."—*Phillips v. Kelly*, 29 Ala. 635 ; *Slaughter
v. Swift*, 67 Ala. 498 ; *Lunsford v. Walker*, 93 Ala. 36 ;
*Finley v. Quirk*, 86 Amer. Dec. 93.

The rulings of the court on plaintiff's testimony as to
Russell's authority was free from error. The matter ob-
jected to was brought out by defendant. They can not
induce the action of the court by bringing out the evi-
dence, and then claiming that it was erroneous.—*E: T.,
V. & G. R. R. Co. v. Turvaville*, 97 Ala. 122.

Charge 2 (3) was simply a declaration that if plaintiff had proven the allegations of his complaint, that he was entitled to recover.—*Howard v. Taylor*, 99 Ala. 450. It is in substance the same as that held good on a previous trial of this case.—*Amer. Oak. Extract Co. v. Ryan*, 104 Ala. 267.

Charge 3 (4) is free from error. Under the pleadings in this case, the general issue, the defendants had no right to deny making the contract, and in the same breath and by the same plea, say there was a contract, but that it was conditional; that it was only to be performed in the event the river was in a boatable condition, or according to circumstances.—*Petty v. Dill*, 53 Ala. 645; *Phillips v. Kelly*, 29 Ala. 635; *Slaughter v. Swift*, 67 Ala. 499; *Lunsford v. Walker*, 93 Ala. 36.

Where a charge has been given once, the trial court is not required to give it again, either in identical language or in substance.—*K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240; *R. R. Co. v. Hurt*, 101 Ala. 34; *Smith v. State*, 92 Ala. 30; *Richards v. Vaccaro*, 67 Miss. 516; *State v. Hamilton*, 41 La. Ann. 317; *J., T. & K. W. R. Co. v. Pen., L., T. & M. Co.*, 27 Fla. 157; *Wooten v. State*, 24 Fla. 335; *Reddick v. State*, 25 Fla. 112; *Coleman v. State*, 26 Fla. 61; *Robinson v. Barnett*, 19 Fla. 670; *Butter v. State*, 17 So. Rep. 551; *Murphy v. State*, 108 Ala. 10.

HARALSON, J.—There are two counts in the complaint on a contract, the same in substance and effect, except that the second is a little fuller in its statements than the preceding one. The case was tried on the general issue to these two counts, the 3d and 4th.

1. On the cross-examination of the plaintiff by the defendant, he stated that his brother had given Judge Russell authority to contract for the wood. This answer, from what appears, was responsive and the defendant was bound by it, if a fact within the knowledge of the witness, and it could not move to exclude it; but, the witness immediately stated, that he knew nothing about the contract or Russell's authority except what his brother had told him. Thereupon the defendant moved to exclude the first statement made by the witness, that his brother had authorized Russell to make a contract with defendant, on the ground that it was hear-say. The

[American Oak Extract Co. v. Ryan.]

court refused to exclude it.   If a witness on cross-examination, by inadvertence or mistake, states something as a fact, and he afterwards shows that the matter was not within his knowledge, but rested alone on hearsay, it should be excluded as illegal evidence, on the motion of him whom it tends to injure, unless he was at fault in calling it out.   When one calls for illegal evidence, he cannot, of course, move to exclude it, but when in answer to a proper question, such evidence is replied, the party examining, whether on the direct or cross, may move to exclude it.   The examiner is not experimenting in such an instance.   And this rule does not contravene that other one, so well understood, that a party calling out illegal evidence had no right to have it excluded on his motion.   There was error in this ruling of the court.

2. The witness, Morris, swore the wood was worth $2.35 on the river bank.   He said that to cord it on the barge was worth 15 cents a cord, and he knew it was worth $2.50 when corded on the barge.   Defendant moved to exclude, on the ground of a want of sufficient knowledge of the subject, to render the witness competent to testify to the value of the wood.   To render such testimony admissible, it was unnecessary that the witness should have been shown to possess any peculiar skill to qualify him as an expert on the subject.—*E. T. V. & G. R. R. Co. v. Watson,* 90 Ala. 44; *Burks v. Hubbard,* 69 Ala. 379; *Rawle v. James,* 49 Ala. 183.

3. There was error in the first charge given at plaintiffs' instance.   There was no conflict in the evidence that the wood was worth $2.35 on the bank of the river, and $2.50 corded on a barge.   But the charge should have been predicated, as to the value of the wood, on the belief of the jury of the evidence as to its value.   This the court by charge, withdrew from the consideration of the jury.   The fault found with the charge, because it used the word *judgment,* which the jury should find, instead, of *verdict* is hypercritical.

4. There was no error in charge 2 (3) for plaintiff.   It hypothesized the facts averred in the complaint, and instructed the jury if they believed them, to find for plaintiff.   The defendant had not demurred to, but took issue on, the complaint.   What could the court do but give it?—*Howard v. Taylor,* 99 Ala. 450; *Oak Extract Co. v. Ryan,* 104 Ala. 267.   The charge may have

hypothesized some things too favorably to defendant, but of this defendant cannot complain.

5. The plea of the general issue denies and puts in issue the truth of the allegations of the complaint. The charge 3 (4) asserts the proposition in substance, that it was incumbent on the plaintiff to make out his case as he had alleged it in the complaint; and that, if the contract was other and different from that alleged, it was incumbent on the defendant to show it by a preponderance of the evidence, and in this there was no error of which the defendant can complain.—*Vandeventer v. Ford*, 60 Ala. 610; *Life Asso. of Amer. v. Neville*, 72 Ala. 517; *B. U. R. Co. v. Hale*, 90 Ala. 12.

6. Charge 6 (13) is faulty in the respect that it ignores any notice by plaintiff to defendant to furnish the barge, as he was bound to do under the complaint. Each special count makes such an averment. The fourth count avers, that defendant failed to furnish the barge after he was notified by appellant to do so, and the others, that it failed after it had been requested so to do.

7. Among the great number of charges requested for defendant those numbered 1, 2, 3, 4, 5, 6, 7, assert in substance the same principle,—that if after the wood was placed on the river bank, and until it was burned, the river was so low that the wood could not all be transported on a barge, the verdict must be for the defendant. The issues presented in the complaint, do not cover the question raised in these charges, if the contract between the parties was as there averred. We recall the familiar principle, that no facts are properly admissible in evidence which do not tend to support the averments of the complaint, and no instructions are proper which are not applicable to the issues before the jury. "No matter in avoidance of the allegations of the complaint, or in excuse or justification of the wrongful act imputed to the defendant was within the issue found. All such matters the statute requires to be especially pleaded.—Code, § 2675." The defendant cannot, on the issues presented in the complaint before us, defeat the plaintiff's cause of action, by an attempt to prove that the contract contained other stipulations relied on to excuse performance, which were not set out in the complaint, and by requesting instructions as to such issues thus attempted to be raised. The plea of the general

[St. Clair County v. Smith.]

issue cast on the plaintiff the onus of proving every material allegation of the complaint. It limited the defense to evidence in disproof of them.—*Petty v. Dill,* 53 Ala. 645; *Lunsford v. Walker,* 93 Ala. 38; *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350; *Behrman v. Newton,* 103 Ala. 525; *Finley v. Quirk,* 9 Minn. 194, s. c. 86 Am. Dec. 93; *Morgan v. Wattles,* 69 Ind. 260; 2 Greenl, Ev., § 8.

8. The remaining charges asked by the defendant and refused, though variant in form, fall within the same category of inviting consideration of questions outside the issues; and as asked, their only effect, if given, would have been to confuse and mislead the jury. Besides, the court, all too favorably to defendant, had, in substance, given several of the charges requested, and for that reason might well have declined to repeat them.

We recall without repeating what was said in the first five paragraphs of the opinion in this case, when it was here on the former appeal (104 Ala. 274), as applicable to the case now, and as an answer to many of the charges asked for defendant and refused.

We are indisposed to pursue an investigation into and consideration of the many questions so industriously and lengthly argued by counsel. Stript of all outside issues, the case seems to be simple, and of easy adjudication.

For the errors pointed out, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.