# Thornton *v.* Dwight Manufacturing Company.

*Action of Trover.*

1. *Pleading and practice; effect of plea of "not guilty" in action of tort; what must be specially pleaded.*—In an action of tort the plea of "not guilty," under the statute, constitutes the general issue and puts in issue all the material allegations of the complaint (Code of 1896, § 3295); but no matter in avoidance of the allegations of the complaint or in excuse or justification of the wrong complained of is within the scope of the issue made by such plea; all such matters being required by the statute to be specially pleaded.

2. *Same; same; case at bar.*—In an action to recover damages for the purchase of timber by the defendant with knowledge that the seller had wrongfully cut it from plaintiff's land, where the only plea interposed is that of "not guilty," the record and proceedings in a suit instituted by the plaintiff against the seller of said timber and in which suit the defendant to the pending action was summoned as a garnishee, is irrelevant and inadmissible; the tendency of such evidence being to show that the plaintiff by subsequent conduct had waived the tort complained of, which was matter to be specially pleaded and not admissible under the plea of the general issue.

3. *Action of tort; damages; sufficiency of evidence.*—In an action to re-
cover damages resulting from the purchase of timber by the
defendant with knowledge that the seller had wrongfully cut it
from plaintiff's land, where the only evidence of plaintiff's
damage introduced on the trial was the statements furnished
by the the defendant upon plaintiff's demand for the books of
the defendant showing the amount of timber purchased from
said seller, but which statement contained only the column of
dates and several different columns of figures, without any-
thing to indicate their meaning or significance, the evidence so
introduced is insufficient to determine the amount of timber
purchased by defendant for the purpose of ascertaining the
amount of damages recoverable by plaintiff; but the other facts
of the case warranting a recovery, such evidence is sufficient to
authorize a judgment for nominal damages.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This action was brought by the appellant, Mrs. A. G.
Thornton, against the appellee, the Dwight Manufactur-
ing Company; and sought to recover damages resulting
to the plaintiff in the purchase of a certain quantity of
lumber by the defendant from one C. M. Davis. The
complaint contained three counts, which were as follows:
"And plaintiff claims of the defendant four hundred
dollars damages for wrongfully taking the following
goods and chattels the property of the plaintiff, viz.,
Forty thousand, two hundred and ninety-nine feet of
pine lumber.

"And the plaintiff claims of the defendant the further
sum of four hundred dollars damages for the conversion
by it on 11, 12, 15, 17 and 18 days of December, 1895,
of the following chattels 40,299 feet of pine lumber the
property of the plaintiff.

"And the plaintiff claims of the defendant the further
sum of four hundred dollars, damages for that hereto-
fore, to-wit, on the 11th day of December, 1895, plaintiff
notified the defendant not to purchase any lumber from
one C. M. Davis, as the lumber was not the property of
said Davis, but was the property of the plaintiff and that
she had a lien on all the lumber of said Davis, but de-
fendant after such notice bought of said Davis 40,299
feet of pine lumber, to plaintiff's damage as aforesaid."
The defendants pleaded only the plea of "not guilty."

[Thornton v. Dwight Manufacturing Co.]

On the trial of the cause, the plaintiff introduced in evidence the statement of an account furnished her by the defendant, on demand for the books of the defendant, showing the amount of lumber received by it from said Davis during the month of December, 1895. This statement was as follows:

"Dec. 6.     G. P.     19158     4942     6.50     32.12.
   "      "       "   "       "   "       853       2         1.70"

There then follows in the statement, entries similarly made in each of the columns for December 10, 12, 17, 18 and 19, these dates indicating when the lumber was delivered. The plaintiff introduced evidence tending to show that C. M. Davis entered into a written contract with the plaintiff by which he was to cut a certain quantity of pine timber from plaintiff's lands, agreeing to pay her monthly therefor, at the rate of one dollar per thousand feet. It was stipulated in this contract, that in default of payment, the contract became void. It was further shown on the part of the plaintiff that there was default made by said Davis in payment for the lumber cut from the lands of the plaintiff, whereupon the plaintiff notified Davis that his contract was avoided, and that he could no longer cut timber from the lands of the plaintiff, and that the plaintiff also notified the defendant in the present suit that said contract by which Davis was to cut timber from the lands of the plaintiff, was no longer in force, and that the defendant must not purchase any of the timber thereafter offered by Davis which was cut from the lands of the plaintiff; and that the timber, for the taking and conversion of which the present suit was brought, was purchased by the defendant from Davis, after said contract had become null and void. It was shown that the plaintiff had recovered two judgments against C. M. Davis for lumber which had been cut by him prior to the time plaintiff notified him of the avoidance of the contract. The defendant offered in evidence the record and proceedings in a suit instituted by the plaintiff against said Davis, in which the defendant was summoned as a garnishee. This suit of plaintiff against Davis was instituted before the commencement of the present suit. The plaintiff objected to the introduction of this evidence, upon the grounds

[Thornton v. Dwight Manufacturing Co.]

that it was irrelevant and immaterial. The court over-ruled the objection, allowed said record and proceedings to be introduced in evidence, and to this ruling the plaintiff duly and separately excepted.

The cause was tried by the court without the interven-tion of a jury; and upon the hearing of all the evidence, the court rendered judgment for the defendant.

The plaintiff appeals from this judgment, and assigns as error the several rulings of the trial court to which exceptions were reserved.

BURNETT & CULLI and GEORGE D. MOTLEY, for appel-lants.—The only plea defendant interposed was the gen-eral issue, which is only a denial of the averments of the complaint. Evidence of affirmative matter outside of such denial is irrelevant and inadmissible; and therefore the record and proceedings in the suit of plaintiff where-in the defendant was garnishee, were inadmissible.—*Scarborough v. Blackman*, 108 Ala. 56.

The appellant in this case had a lien on the lumber as it was cut from her land, of which appellee had notice before purchasing the same.—Acts, 1894-95, p. 250.

The contract being terminated the cutting of the tim-ber was a trespass, and appellee having notice, an action of trover will lie against appellee for the lumber.—*Street v. Nelson*, 80 Ala. 230.

DORTCH & MARTIN and AMOS E. GOODHUE, *contra*.

DOWDELL, J.—The complaint contains three counts; the first being in trespass, the second in trover, and the third case. A demurrer was sustained to the third count, but after being amended by the plaintiff, no further objection was made to its sufficiency as amended. The only plea filed to the complaint, was the plea of not guilty. On this plea issue was joined, and a trial was had by the court, trial by jury having been waived. The plea of "not guilty" in actions of tort is, under the stat-ute, (Section 3295 of the Code of 1896), made the gen-eral issue, and puts in issue all the material allegations of the complaint. No matter in avoidance of the allega-tions of the complaint, or in excuse or justification of the

[Thornton v. Dwight Manufacturing Co.]

wrongful act imputed to the defendant is within the scope of the issue thus made. All such matters the statute requires to be specially pleaded.— *etty v. Dill,* 53 Ala. 645 ; *Lunsford v. Walker,* 93 Ala. 38 ; *L. & N. R. R. Co. v. Trammell, Ib.* 350 ; *Behrman v. Newton,* 103 Ala. 525 ; *American Oak Extract Co. v. Ryan,* 112 Ala. 337 ; *Scarborough v. Blackman,* 108 Ala. 656.

The only evidence offered by the defendant was the record and proceedings in a suit instituted by the plaintiff, before the commencement of the present suit, against one C. M. Davis, and in which the defendant in this action was summoned as a garnishee. The object and purpose of this evidence was to show that the plaintiff in suing Davis on his contract made with plaintiff for the purchase of the lumber in question, and garnishing the defendant. The Dwight Manufacturing Co., as the debtor of Davis in its purchase of the lumber from Davis, had elected to ratify the sale by Davis to the defendant company and thereby waived the tort. This. defense was in effect an admission that the wrong imputed by the complaint had been committed by the defendant, but that the plaintiff by her subsequent conduct had waived the tort. The evidence was clearly irrelevant to the issue made by pleading, and the court erred in admitting it against the objection of defendant. This was matter which was required to be specially pleaded. See *American Oak Extract Co. v. Ryan,* 112 Ala. 337, and other authorities cited.

The only evidence offered by plaintiff to show the quantity of lumber received by the defendant from said Davis, is a written statement or account furnished by the defendant upon plaintiff's demand for the books of defendant showing amount of lumber received by it from Davis in December, 1895. This statement contains several different columns of figures, besides the column of dates, without anything to indicate their meaning or significance. Nor is there anything in the rest of the testimony in the case, affording any aid in this direction. It was, therefore, impossible to determine with any degree of certainty the amount of lumber received by defendant from Davis, and without this the court would be

42

[Thornton v. Dwight Manufacturing Co.]

unable to ascertain the amount of damages, beyond mere nominal damages, the plaintiff might be entitled to recover. But apart from this, there was sufficient evidence on the part of the plaintiff to authorize a judgment for nominal damages.

For the error pointed out, the judgment of the city court is reversed and cause remanded.