(92 South. 240)

DEES et al. v. BARNETT. (I Div. 437.)

(Court of Appeals of Alabama. Jan. 10, 1922.)

1. Trial ⬉89—Error to refuse to strike out testimony based on hearsay.

In detinue for corn on the issue as to where the corn was raised, where witness on direct examination testified as a fact that the corn was raised on his father's land, but on cross-examination disclosed that his testimony was based entirely on hearsay, the trial court erred in refusing a motion to strike out this testimony.

2. Trial ⬉92—Where direct examination fails to show incompetency, motion to strike out proper after cross-examination.

Where the grounds for exclusion of testimony on direct examination appears for the first time on cross-examination, a motion to exclude this evidence may properly be made at that time.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action by J. A. Dees and another against S. H. Barnett. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Hybart & Hare, of Monroeville, for appellants.

The court erred in the admission of the evidence, and the motion to strike out came in time. 112 Ala. 337, 20 South. 644; 187 Ala. 610, 65 South. 981; 38 Cyc. 1408.

L. S. Biggs, of Monroeville, for appellee.

The brief of counsel did not reach the Reporter.

MERRITT, J. [1] The appellants brought a suit in detinue to recover of the appellee 100 bushels of corn. The plea was non detinet, and judgment was rendered for the appellee.

The only assignment of error, and the only insistence of error in brief for appellants is:

"That the court erred in overruling plaintiffs' motion to exclude the testimony of A. G. McMillan, made on his direct examination, that the corn in suit was raised on his father's, J. B. McMillan's, place."

We shall therefore decide this question, and none other.

The appellants claimed that the corn in controversy was theirs, and that together with this 100 bushels and in the same crib was 20 bushels of corn that they had purchased from one Jim Henderson, who was a tenant of J. B. McMillan, and that in taking the corn under legal process the sheriff took not only the 20 bushels, but 100 bushels additional.

The appellee claimed title to the corn by virtue of a sale of the same, whereby he became the purchaser, the sale being ordered by the court in a proceeding wherein J. B. McMillan, the landlord, was plaintiff, and one Henderson, his tenant, was defendant, and that the corn was raised on the lands of McMillan, that the rent was unpaid, and that the corn was subject to lien created by such relationship. The appellee contended that there was not more than 65 or 80 bushels of corn in the crib in all, but the question of serious concern and the one determinative of the case was whether the 100 bushels of corn was raised by Henderson, the tenant, on the lands of J. B. McMillan during the year 1919. During the direct examination of A. G. McMillan he testified, among other things, as follows:

"That he was familiar with the lands that Jim Henderson rented from his father, J. B. McMillan, during the year 1919; that he made the trade with Henderson for his father; that he was acquainted with the corn in litigation; that it was raised on J. B. McMillan's land on

the land that he had rented to Jim Henderson while acting as J. B. McMillan's agent."

On cross-examination witness stated that he did not help Anderson gather the corn; that he did not know when it was gathered and did not see Henderson carrying the corn away from the field. The following questions were then asked the witness and answers given:

"Q. And you don't know of your own knowledge where this corn came from that you all located? A. The only ground I can say it was his.

"Q. I didn't ask you for your reasons; you don't know of your own knowledge, do you? A. I don't know for myself."

Motion was thereupon made to exclude what the witness had said about the corn being raised on his father's place, on the ground that it is not shown that the witness had any knowledge, actual knowledge, and that it is a conclusion of the witness. The court overruled the motion, and appellants excepted. In this ruling of the court we think there was prejudicial error.

The very point in the case, as stated above, was whether the corn in controversy was raised on the land of J. B. McMillan. While the witness stated on direct examination that he knew this to be a fact, yet his cross-examination discloses that what he had stated in his direct examination as a fact was based entirely on what he had heard others say, and not upon any direct knowledge he had.

[2] It is plain that the questions asked the witness on direct examination when the testimony was elicited did not disclose to the court or to the appellant that the answers would be incompetent. When the direct examination does not show the incompetency of the testimony, or the ground for the exclusion of the evidence appears for the first time on cross-examination, the motion to exclude may be made as soon as the impropriety of the evidence appears. 38 Cyc. 1408; American Oak Extract Co. v. Ryan, 112 Ala. 337, 20 South. 644; Central of Ga. Ry. Co. v. Teasley, 187 Ala. 610, 65 South. 981.

For the error pointed out, the judgment must be reversed.

Reversed and remanded.