TARRY vs. BROWN.

34  159
134  243

[TRESPASS FOR CARRYING OFF SLAVES.]

1. *What title will support action.*—Proof of actual possession at the time of the trespass is sufficient to sustain this action, against a mere wrongdoer who is not the real owner of the chattel.

2. *Proof of title.*—In trespass against several, any evidence which shows title in one of them, under whom the others acted, is relevant and admissible for the defendants; and any evidence which tends to disprove such title, is competent for the plaintiff in rebuttal.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. WILLIAM S. MUDD.

This action was brought by James P. Tarry, against Wilson R. Brown, Thomas D. Cole, and Reuben W. Cole, to recover damages for the defendants' tortious act in forcibly taking from the plaintiff's possession several slaves. The slaves had belonged to the plaintiff's deceased wife, Mrs. Sarah Tarry, who died in 1855, and bequeathed them to the defendants Thomas D. and Reuben W. Cole, who were her nephews; appointing their co-defendant, Wilson R. Brown, the executor of her last will and testament. No pleas appear in the record, but the defendants seem to have relied on their title under the will of Mrs. Tarry.

On the trial, the plaintiff proved his possession of the slaves on the 2d January, 1856, and that they were forci-

bly taken from him on that day by the defendants. It was shown, also, that some of the slaves were in the possession of one George W. Palmer, who was the first husband of Mrs. Sarah Tarry, and remained in his possession from the year 1826 up to the time of his death,—the others being the descendants of these; that after the death of said Palmer, the slaves remained in the possession of his widow, until her marriage, several years afterwards, with one Wade H. Watson; that they continued in the possession of said Watson and his wife, until his death in 1846; that after the death of Watson, his widow continued to hold possession of them until her marriage, in 1847, with the plaintiff; that the slaves then remained in the possession of plaintiff and his wife until the death of the latter, and that the plaintiff then retained the possession of them until they were forcibly taken from him by the defendants. After the plaintiff had closed, the defendants offered in evidence the will of said Wade H. Watson, "to show that said slaves were thereby bequeathed to his wife, the said Sarah." The plaintiff objected to the admission of this will as evidence, on the ground that it was irrelevant, and reserved an exception to the overruling of his objection. The defendants then offered in evidence the will of Mrs. Sarah P. Tarry, the plaintiff's deceased wife, accompanied with proof of its admission to probate, and the grant of letters testamentary to the defendant W. R. Brown. In connection with this will, the defendants introduced as a witness I. W. Garrott, Esq., the attorney by whom it was written, who testified to circumstances connected with the drafting of the will,— stating, in substance, that the plaintiff employed him to write the will, that it was written and executed in plaintiff's presence, without objection on his part, and that, in effect, he admitted that the slaves were the separate property of his wife  "The plaintiff objected to the reading of said will of Mrs. Sarah Tarry, on the ground that it was irrelevant, and also to the testimony of said Garrott;" and reserved exceptions to the overruling of each objection.

In rebuttal of the defendants' evidence, "the plaintiff

Tarry v. Brown.

offered to prove, that said negroes had never been included in any inventory of the estate of said George W. Palmer, deceased, had never been sold by any representative of said estate, or as the property of said estate, and had never been administered in any manner as the property of said estate; that said Wade H. Watson was, in 1837, duly appointed and qualified as the administrator *de bonis non* of said estate; that said Watson married the widow of said Palmer in 1837, and, in 1842, resigned his said office of administrator of said estate, and made a final settlement thereof, without in any manner whatever accounting for any of said slaves." On the defendants' objection, the court excluded this evidence, and refused to admit any portion of it; to which, also, the plaintiff excepted.

In consequence of the rulings of the court on the evidence, as above stated, the plaintiff was compelled to take a nonsuit, which he now moves to set aside.

JOHN F. VARY, for appellant.

WM. E. CLAKE, *contra.*

A. J. WALKER, C. J.—" Proof of actual possession by the plaintiff, at the time of the trespass, will, in all cases, suffice to maintain this action (of trespass) against a mere wrongdoer, not being the real owner of the chattel."—2 Saunders on Pl. & Ev. 861; Graham v. Peat, 1 East, 244; 2 Saunders' R. 47; Squire v. Hollenbeck, 9 Pick. 551.

The plaintiff was in possession of the property, the asportation of which affords the material ground of complaint in this case. If the defendants had no title, they were mere wrongdoers; and the possession is, of itself, without a title in the plaintiff, sufficient ground for the maintenance of the action. It is, therefore, a material and relevant inquiry in this case, whether the defendants, or one of them upon whose authority the others acted, had title to the property. It was competent to show that they, or one of them under whom the others acted, had title; and it was, on the other hand, competent for the

plaintiff to show that no such title existed; for, in so doing, he shows that the defendants were mere wrong-doers, and that his possession is sufficient to sustain the action brought in the absence of any title in himself.

The will of Watson, the will of Mrs. Tarry, and the testimony of Garrott, all tended to show title to the property in the defendant Brown, as the executor of the last will and testament of Mrs. Tarry, and were, therefore, properly admitted in evidence. The objection to Garrott's testimony was general, and there was no error in overruling it, although some portions of it may have been inadmissible. We, therefore, abstain from pronouncing upon the legality of the different parts of it. It affords proof of declarations and conduct on the part of the plaintiff, conducing to show an admission and recognition by him of title in the testatrix of defendant Brown, and was certainly, thus far, admissible.

The entire evidence offered by the plaintiff, and rejected by the court, tended to show a want of title in the defendant, as the executor of Mrs. Tarry's will. It was therefore admissible, and the court erred in rejecting it. Before the offer of evidence which was rejected by the court, it had been proved, that a part of the slaves in controversy, and the maternal ancestor of the rest, were in the possession of one Palmer, a former husband of Mrs. Tarry, from 1826 to his death, in 1836. This evidence conduced to show that the title was in Palmer at his death. It was competent for the plaintiff to show that the title had remained in, and had never passed from, the representative of Palmer's estate; because, in so doing, he would prove that neither of the defendants was the owner of the property, and that he was entitled to maintain his action against them, as wrongdoers, upon his mere possession. The evidence which the court rejected would have tended to show, that the property had never been in any wise administered upon, and thus contributed to support the argument that the title remained in the estate of Palmer. The evidence of the marriage of Mrs. Tarry with the administrator of Palmer's estate contributed to the establishment of a connection of her possession,

with an unlawful conversion of the property by the administrator of Palmer's estate. The entire evidence of plaintiff, rejected by the court, had a bearing upon the question of title raised by the evidence of defendants, and should have been admitted. It may be that other inferences, not favorable to the plaintiff, may be legitimately argued from the testimony. That is not a matter for our decision. It is a question for the jury. We decide nothing more, than that the testimony was relevant. What influence shall be accorded to it, it is not our province to determine.

The nonsuit is set aside, the judgment of the court below reversed, and the cause remanded.