# Carter *v.* Fulgham.

*Action of Trespass.*

1. *Action of trespass; admissibility of evidence; res gestae.*—In an action of trespass to recover damages for the wrongful taking of personal property, declarations or statements made by the defendant at the time of the taking of the prop-

[Carter v. Fulgham.]

erty are competent and admissible in evidence as a part of the *res gestae* of the act of taking.

2. *General affirmative charge; when should not be given.*—The general affirmative charge should not be given at the request of either party, where the evidence in the case is open to a reasonable inference, of a material fact unfavorable to the right of recovery by the party requesting the charge.

3. *Trespass; when punitive damages not recoverable.*—In an action of trespass, where there is no evidence in the case which authorizes the recovery of punitive or exemplary damages, such damages can not be recovered; and a charge so instructing the jury is properly given at the request of the defendant.

4. *Charge to the jury; properly refused when inconsistent.*—A charge requested to be given to the jury is properly refused when it contains inconsistent instructions.

5. *Trespass; when possession sufficient to sustain action.* — Possession alone is sufficient to sustain an action of trespass for the wrongful taking of personal property as against a mere wrong doer who is not the real owner of the property.

6. *Same; sufficiency of evidence.*—In an action of trespass to recover damages for the wrongful taking of mules, where the evidence shows that the United States government had lost mules which had either strayed or been stolen, and the defendant had an arrangement or agreement with a United States officer, whereby he was to receive compensation for every mule found and identified by him, which had been lost or stolen, the mere receiving of compensation by the defendant without anything more for the mules recovered, which were supposed to have been taken or stolen from the United States government, would not of itself amount to a trespass; but if the defendant aided the officer of the United States government by locating and pointing out the mules for the purpose of their being taken, and he received the compensation for this, and the taking of the mules by the officer was wrongful, then the defendant would be a joint tort-feasor.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES A. BILBRO.

This was an action of trespass brought by the appellant, John C. Carter, against the appellees, Oscar Fulgham and J. Q. Jamar; and sought to recover damages for the wrongful taking by the defendants of plaintiff's

mules. The facts of the case are sufficiently stated in the opinion.

There were several charges requested by the plaintiff, to he refusal to give each of which the plaintiff separately excepted; but under the opinion on the present appeal it is unnecessary to set out these charges at length.

The court, at the request of the defendants, gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted: (1.) "If the jury believe the evidence, they must find for the defendants upon the question of punitive or exemplary damages." (2.) "There is no evidence in this case to sustain a verdict on punitive or exemplary damages." (3.) "The court charges the jury that if Carter had two of the mules of the U. S. government and if the defendants took one of these mules and one of Carter's own mules on January 24th, 1899, and if Carter was willing for defendants to take his own mule in order that he (Carter) might retain the other government mule then plaintiff cannot recover for his own mule, even if Carter did say that he objected to the taking of said mules." (4.) "The court charges the jury that before the plaintiff can recover he must show that he is the owner of the mules, or some of them, and the burden of proving this is on the plaintiff, and he must prove it to the reasonable satisfaction of the jury by the preponderance of the evidence, and if after considering all the evidence the jury are unable to say with reasonable certainty that the property sued for, or some part of it, is the property of the plaintiff, the jury should find for the defendants." (5.) "If the jury believe the evidence, they must find for the defendant Oscar Fulgham."

Upon the trial of the cause the jury returned the following verdict: "We, the jury, find the issue in favor of Oscar Fulgham and for plaintiff against J. Q. Jamar for two hundred and ten dollars;" and upon this verdict judgment was rendered in favor of the plaintiff against Jamar and in favor of the defendant Fulgham. From this judgment the plaintiff appeals, and assigns

as error the several rulings of the trial court to which exceptions were reserved.

JOHN A. LUSK, for appellant.—It is not the law that before one in possession of personal property can recover for the forcible taking, he must show that he is the personal owner. Possession is sufficient as against all who do not show a superior right.—2 Greenleaf on Evidence, §§ 613, 618; *Tarry v. Brown,* 34 Ala. 159; *Grigg v. State,* 58 Ala. 437; *Miller v. Jones,* 26 Ala. 247; *Wilkinson v. Searcy,* 76 Ala. 180.

The affirmative charge should not be given where there is a conflict in the evidence, or where the evidence is open to reasonable inference of a material fact unfavorable to the party requesting the charge.—*Hall v. Posey,* 79 Ala. 84; *L. & N. R. R. Co. v. Lancaster,* 121 Ala. 471; *Alabama State Land Co. v. Slaton,* 120 Ala. 259.

All persons who command, instigate, promote, encourage, advise, countenance, co-operate in, aid or abet the committing of a trespass by another, or who approve of it after it is done, if done for their benefit, are co-trespassers with the person committing the trespass. *Kirkwood v. Miller,* 73 Am. Dec. 134, and note on page 137-141, and authorities there cited.

OSCAR R. HUNDLEY and O. D. STREET, *contra,* cited *Cowan v. Easterly Hardware Co.,* 95 Ala. 324.

DOWDELL, J.—This was an action in trespass to recover damages for the taking by the defendant of the plaintiff's mules. The appellee Fulgham, was sued jointly with one Jamar. The jury returned a verdict in favor of the plaintiff against the defendant Jamar alone. On this verdict judgment was rendered, from which the present appeal is prosecuted by the plaintiff.

There was evidence tending to show that the United States government had lost mules which had either strayed or been stolen, and that Fulgham, who was the sheriff of Madison county, had an arrangement or agreement with the United States officers whereby said

16c

[Carter v. Fulgham.]

Fulgham was to receive twenty-five dollars for every mule found and identified by him which had been lost or stolen; that Jamar went under the instructions of Fulgham to look after and identify the lost mules; that Jamar located and found the mules in question here in Marshall county; that one Holmes, an officer of the Federal government, on this information went with Jamar into Marshall county where he, Jamar, had located and found the mules, and there said Holmes, with Jamar, took the mules from the plaintiff Carter and carried them to Huntsville. The evidence on the part of the plaintiff tended to show that the mules in question were his property. The plaintiff offered to prove by John M. Carter, who was examined as a witness in behalf of plaintiff, that he, witness, heard Jamar at the time he took one of the mules in question, tell the plaintiff that he, Jamar, had examined this mule, but could find no mark of U. S. on it. On motion of the defendant this testimony was excluded. In this the court was in error. This declaration being made at the time of the taking of the mule, was competent and admissible as a part of the *res gestae* of the act of taking.

Notwithstanding the positive denial on the part of the defendant Fulgham that he authorized the defendant Jamar as his deputy and agent to have anything to do in the actual taking of mules found and identified by him, and notwithstanding his positive statement to the effect that he instructed Jamar not to take or have anything to do with the taking of any mules so found and identified by him, there was evidence on the part of the plaintiff which tended to show that the defendant Jamar in acting with and assisting Holmes, the United States officer, in the taking of the mules in question, did so under the direction of Fulgham, and from which evidence the jury might have reasonably inferred that Jamar in aiding Holmes in the taking of said mules was acting as Fulgham's agent. The court, therefore, erred in giving the general affirmative charge at the request of the defendant Fulgham. The affirmative charge should never be given where the evidence

is open to a reasonable inference of a material fact unfavorable to the right of recovery by the party requesting the charge.—*L. & N. R. R. Co. v. Lancaster,* 121 Ala. 471; *Alabama State Land Co. v. Slaton,* 120 Ala. 259; *Hall v. Posey,* 79 Ala. 84.

There was no evidence in the case which authorized the recovery of punitive or exemplary damages. Consequently there was no error in the giving of charges 1 and 2 at the request of the defendants.

The suit was for the recovery of damages for the wrongful taking of three mules, the property of the plaintiff. Charge 3 is bad, if for no other reason, on the ground of inconsistency. It hypothesizes the willingness of the plaintiff, in the taking by the defendants of the plaintiff's mule, and at the same time the plaintiff's objection to the taking. Besides, this charge ignores the evidence, as to the subsequent taking by the defendants, of the other mule, referred to in the charge as the "government mule," which was left with plaintiff at the time of the taking of his mule. Or in other words, the charge was calculated to lead the jury to the conclusion that if the jury should find from the evidence, that two of the three mules sued for, belonged to the government and that no tresspass was committed in their taking, and that the third mule was plaintiff's, still, he could not recover.

Possession alone is sufficient to sustain the action of trespass as against a mere wrongdoer who is not the real owner of the chattel.—*Tarry v. Brown,* 34 Ala. 159. Charge 4 given at the instance of the defendant was opposed to this view; besides it imposed upon the plaintiff too high a duty by requiring him to satisfy the jury by a preponderance of the evidence. The giving of this charge was, therefore, erroneous.

If Jamar aided Holmes by locating and pointing out the mules for the purpose of their being taken, and for which he was to receive compensation, and the taking of the mules by Holmes was wrongful, then Jamar was a joint tort-feasor. And if Jamar acted as the agent and under the instructions of Fulgham, then Fulgham would be equally guilty with Holmes and Jamar in a wrongful taking.

[Kansas City, Memphis & Birmingham R. R. Co. v. Foster.]

The mere receiving of compensation by Fulgham, without anything more, for mules recovered which were supposed to have been taken or stolen from the United States government, would not of itself and alone amount to a trespass. However, it was competent to be shown in evidence as tending to connect them with the tresspass.

There were a number of charges requested by the plaintiff in writing which were refused to him by the court, and to which exceptions were reserved. We deem it unnecessary to treat these refused charges separately, as what we have said we think is sufficient for the purpose of another trial. For the errors pointed out, the judgment of the circuit court is reversed and the cause remanded.