# Fulgham *v.* Carter.

## *Action of Trespass.*

1. *Action of trespass; when principal liable for acts of agent.*—In an action of trespass to recover damages for the wrongful taking of mules, where it is shown that the defendant was at the time of the taking a sheriff, and that one of his deputies, according to his directions, went with an officer of the United States Army, to which the mules belonged, to locate the mules, and there was further evidence tending to show that said deputy assisted said army officer in taking the mules from the plaintiff, a charge which instructs the jury that if said deputy acted as the agent and under the instructions of the defendant in taking said mules, and said taking was wrongful, then the defendant would be guilty of a wrongful taking, asserts a correct proposition of law, and is properly given at the request of the plaintiff.

2. *Same; charge as to theft of mules.*—In such a case, the fact that the person from whom the plaintiff purchased the mules was convicted in the Federal court for stealing said mules, is not involved in any issues, and a charge in reference thereto is properly refused.

3. *Same; same.*—In such a case, a charge is properly refused as calculated to confuse the jury which instructs them as follows: "Even if the jury believe from the evidence that Jamar and Holmes were wrong in taking the property, and that the property was the property of the plaintiff, Carter, they cannot find a verdict for the plaintiff, unless the jury further believe that Jamar in taking said property was acting by the authority of Fulgham in the taking thereof."

4. *Action of trespass admissible in evidence of statement given by defendant's deputy.*—In an action of trespass to recover damages for the wrongful taking of mules, where it is shown that at the time of the alleged taking, the defendant was sheriff of the county where the trial was had, and that in obedience to his instructions, one of his deputies went with an officer of the United States Army to which the mules belonged, for the purpose of locating said mules, and defendant's said deputy and the army officer located the mules, and took them from the plaintiff, a written statement signed by the defendant's deputy reciting that the mules were taken, and to which he affixed his signature, followed by the abbreviation "D. S." is admissible in evidence.

5. *Evidence; examination of witnesses.*—In the examination of witnesses, questions which are leading are properly refused.

6. *Action of trespass; charge of court to jury.*—In an action of trespass to recover damages for the alleged taking of several mules, a charge of the court which instructs the jury that if they believe the evidence in the case, "they will find for the defendant as to the last mule that was taken" from the plaintiff, is properly refused.

APPEAL from the Circuit Court of Marshall.

Tried before the HON. A. H. ALSTON.

This was an action of trespass, and was originally brought by the appellee, John C. Carter, against the appellants, Oscar Fulgham, J. Q. Jamar and A. D. Holmes. The defendant Holmes was not found, and therefore not served with process, and his name was stricken as party defendant.

On a former trial of the case, judgment was rendered against J. Q. Jamar and in favor of the defendant Fulgham. On an appeal from this judgment by the plaintiff the judgment in favor of Fulgham was reversed, and the cause was remained. (134 Ala. 238.)

The present appeal is prosecuted from a judgment rendered in the remandment of the cause in favor of the plaintiff, and against the defendant Fulgham.

The trial in the present case was had upon issue joined upon plea of the general issue. It was shown by the evidence that before the institution of this suit one J. Q. Jamar in company with one A. D. Holmes took from

[Fulgham v. Carter.]

the plaintiff two mules; that at the time of such taking
the defendant Oscar Fulgham was sheriff of Madison
county, and Jamar was one of his deputies, and that A.
D. Holmes was wagon-master in the Quartermaster De-
partment in the United States Army; that a brigade of
U. S. army was in camp at Huntsville, Alabama, dur-
ing or after the Spanish-American war; that while so
encamped there, some of the mules of the army disap-
peared and were stolen; that the mules so taken from
the plaintiff were identified by Holmes as belonging to
the army, and were on that account taken from the plain-
tiff. It was further shown that before going with
Holmes, Jamar was handed a letter by Mr. Holmes, which
was in words and figures as follows: "Mr. J. Q. Jamar:
This will introduce to you Mr. A. D. Holmes who goes to
Guntersville to identify the mules. You will go with
Mr. Holmes and render him any service you can. Yours
truly, (Signed) Oscar Fulgham, Sheriff." This letter
was introduced in evidence. At the time of taking the
mules, J. Q. Jamar gave to the plaintiff a statement cer-
tifying that "one J. Q. Jamar, a deputy sheriff of Madi-
son county, State of Alabama, in company with A. D.
Holmes, a wagon-master. in the Q. M. Department, U.
S. A., took from J. C. Carter of Marshall county, two
mules," etc. This certificate was dated Jan. 12th, 1899,
and was signed "J. D. Jamar, D. S.," and also by A. D.
Holmes as wagon-master. etc.

The defendant objected to the introduction of this pa-
per in evidence, because it was irrelevant and illegal tes-
timony, and was not shown to have been given by author-
ity of defendant, Fulgham. The court overruled this ob-
jection, and allowed the paper to be introduced in. evi-
dence, and to this ruling the defendant duly excepted.

It was further shown that the plaintiff purchased the
mules from one Giles, and that said Giles was convicted
in the Federal court for stealing said mules. It was fur-
ther shown by the testimony that after having been hand-
ed by A. D. Holmes, the letter addressed to him, and sign-
ed by the defendant Fulgham, J. Q. Jamar went with
Holmes and located the mules in question ·in the pos-

session of the plaintiff. The mules were identified and shown to have belonged to the United States Army.

During the examination of the defendant Fulgham, he testified that he was paid $25.00 for each one of the mules that was located. Thereupon the defendant was asked by his counsel; the following question: "Was any part of this money paid for the taking of said mules?" The plaintiff objected to this question. The court sustained the objection, and to this ruling the defendant duly excepted.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges: "(1.) If Jamar aided Holmes by locating and pointing out the mules for the purpose of their being taken, and the taking of the mules by Holmes was wrongful, then Jamar was a joint tort-feasor; and if Jamar acted as the agent and under the instructions of Fulgham, then Fulgham would then be equally guilty with Holmes and Jamar in a wrongful taking." "(2.) If Jamar aided Holmes by locating and pointing out the mules for the purpose of their being taken, and for which he was to receive compensation, and the taking of the mules by Holmes was wrongful, then Jamar was a joint tort-feasor. And if Jamar acted as the agent and under the instructions of Fulgham, then Fulgham would be equally guilty with Holmes and Jamar in a wrongful taking."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give, among others, each of the following written charges, requested by him: "(1.) The court charges the jury that if you believe the evidence in this case, you will find that William Giles was convicted at Huntsville, Ala., for stealing the two larger mules." "(3.) The court charges the jury that if they believe the evidence in this case they will find for the defendant as to the last mule that was taken from Mr. Carter." "(9.) Even if the jury believe from the evidence that Jamar and Holmes were wrong in taking the property, and that the property was the property of the

plaintiff, Carter, they cannot find a verdict for the plaintiff, unless the jury believe further that Jamar in taking said property was acting by the authority of Fulgham in the taking thereof."

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the several rulings of the trial court to which exceptions were reserved.

OSCAR R. HUNDLEY, and STREET & ISBELL, for appellant.—The principal is only liable for the acts of his agent, while in the line of performing the principle's business, and within the scope of his employment.—*Morier v. St. Paul etc. R. R. Co.*, 31 Minn. 351; *Gilliam v. South, etc. R. R. Co.*, 70 Ala. 268. The agent must be acting at the time for the principle, and within the scope of the business intrusted to him.—*Higgins v. The Waterflict etc. Co.*, 46 N. Y. 23; *Duggins v. Watson*, 15 Ark. 118; *Wheeler v. Boars*, 33 Fla. 696, 15 South. 584; *Johnson v. Barber*, 10 Ills. 426. As to the act itself, however, the doctrine of respondent superior, is inapplicable, and no liability therefor can attach to the principal.—*Goodloe v. M. & C. R. R. Co.*, 54 Am. St. Rep. 71-93, *note; Ware v. Barrataria Canal Co.*, 35 Am. Dec. 192-201; *Stephenson v. Southern Pac. R'y.*, 93 Cal. 558, 27 Am. St. Rep. 223.

JOHN A. LUSK, *contra.*—The act of the defendant and his agent in pointing out the property as distinguished from aid in taking and removing the property could make no difference, and it was proper that the Court should prevent the creation of an issue on the facts so clearly improper.—*Carter v. Fulgham*, 32 So. 685.

SIMPSON, J.—This was an action of trespass, brought by the appellee against A. D. Holmes, J. Q. Jamar and Oscar Fulgham. Holmes was not found, and a judgment having previously been rendered against Jamar he was dropped out. Several assignments of error are not insisted on in the brief of appellant's counsel, and we will take up those that are, in the order in

his brief: (1), Charge No. 1, given on request of plaintiff, was in accordance with the instructions of this court in *Carter v. Fulgham,* 134 Ala. 238, 243.

(2). The fact that William Giles was convicted in the Federal court for stealing the mules was not an issue involved in this case, and consequently, charge No. 1, requested by the defendant was properly refused.

(3). The 9th charge requested by defendant, was calculated to confuse the jury. Jamar may have acted under the authority of Holmes, and yet have acted in accordance with instructions from Fulgham, in such a way as to make Fulgham liable.

(4). There being evidence tending to show that Jamar was the agent of Fulgham, the paper signed by Jamar was properly admitted, as a circumstance going to show by what authority he professed to act, though it was not conclusive, and was subject to explanation. Consequently there was no error in admitting it, (as claimed in the 3d assignment of error).

(5). The question mentioned in the 4th assignment of error was leading and, therefore, properly refused.

(6.) Charge 3, requested by defendant was properly refused.—*U. S. Fidelity & Guaranty Co. v. D. Habil,* 138 Ala. 351, 13th headnote.

The judgment of the court is affirmed.

McCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.