# Green *v.* Birmingham Railway, Light & Power Company.

## *Injury to Passenger.*

(Decided June 11, 1914. Rehearing denied June 30, 1914.
65 South. 781.)

*Carriers; Passengers; Negligence; Instruction.*—Where the action was for injury to a female passenger caused by the conductor stepping on her skirt, thus bringing about a fall, charges asserting that the burden of proof was on plaintiff, and, unless the jury were reasonably satisfied by a preponderance of the evidence that she was entitled to recover, their verdict must be for the carrier, and that if, after considering all the evidence the jury were left in a state of reasonable uncertainty whether pliaintiff was entitled to recover, the verdict should be for the carrier, were given without error to reversal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Laura L. Green against the Birmingham, Light & Power Company, for damages for injuries to her while a passenger. Judgment for defendant and plaintiff appeals. Affirmed.

WILLIAM VAUGHAN and W. H. SMITH, for appellant. The court erred in giving charges G and H for defendant.—*So. Ry. v. Hobbs,* 151 Ala. 351; *Smiley v. Hooper,* 147 Ala. 646; *So. Ry. Co. v. Robinson,* 62 South. 813.

TILLMAN, BRADLEY & MORROW, L. C. LEADBEATER and P. P. WALDROP, for appellee. Charge C has been approved in the following cases.—*Behrman v. Newton,* 103 Ala. 525; *O'Connor & Co. v. Dickson,* 112 Ala. 304. Charge H was properly given.—*Meyrovitz v. Levy,* 63 South. 933; *Calhoun v. Mitchael,* 87 Ala. 277.

MAYFIELD, J.—This was an action by a female passenger, against a carrier. The wrong alleged was that

[Green v. Birmingham Railway, Light & Power Company.]

the carrier's agent negligently stepped upon the plaintiff's skirts, as she was alighting from the car, and caused her to fall. The trial resulted in a verdict and judgment for defendant, from which judgment plaintiff prosecutes this appeal.

Appellant assigns three errors: The several and separate giving at the request of defendant, of three charges, G, H, and J. These charges were as follows:

"G. I charge you that the burden of proof in this case is on the plaintiff, and, unless you are reasonably satisfied from the evidence by a preponderance of the evidence that the plaintiff is entitled to recover you must find for the defendant.

"H. If after considering all the evidence your minds are left in a state of reasonable uncertainty as to whether plaintiff is entitled to recover, your verdict must be for the defendant."

"J. Even if the conductor stepped on plaintiff's dress, this would not entitle plaintiff to recover, unless he acted in a negligent manner in stepping on the dress."

No insistence is made as to charge J, and therefore we will not treat it.

Charges G and H were each proper, as applied to the issues and the evidence in this case. Some charges, very similar to G and H, were held bad in *Hobbs' Case,* 151 Ala. 335, 43 South 844, in *Carter v. Fulgham,* 134 Ala. 238, 32 South. 684, and in *Arndt v. Cullman,* 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922, but the charges in those cases are distinguishable from the charges in this case, nor do we think those cases hold that the giving of charges like the two here in question would be reversible error, though there may be decisions to the effect that it would not be error to refuse them. Charges like the two in question were declared and held good in the cases of *Behrman v. Newton,* 103 Ala.

525, 15 South. 838; *O'Connor v. Dickson,* 112 Ala. 304, 20 South. 413. These cases have been criticised, however, and have probably been modified to the effect that it is not error to refuse such charges. In the case of *B. R., L. & P. Co. v. Martin,* 148 Ala. 8, 42 South. 618, it is said, in speaking of two charges somewhat similar to the ones in question.

"Charges 4 and 15 were properly refused because they required the jury to be reasonably satisfied by 'a preponderance of the evidence. While it has been held not an error to give such a charge (*O'Connor Mining & Mfg. Co. v. Dickson,* 112 Ala. 304, 20 South. 413; *Behrman v. Newton,* 103 Ala. 525, 15 South. 838), the later decisions expressly hold that similar charges are misleading, and may be refused (*Callaway v. Gay,* 143 Ala. 524, 39 South. 277, and cases there cited.) In *Carter v. Fulgham,* 134 Ala. 238, 32 South. 684, a like charge was said to impose upon a plaintiff too high a duty."

The charge condemned in the case of *Carter v. Fulgham, supra,* was, as stated in the opinion in that case, bad for other reasons than that of imposing too great a burden of proof, and is therefore only as to dicta conflicting with the other cases.

In the case of *Calloway & Truitt v. Gay,* 143 Ala. 524, 39 South. 277, the court, in speaking of similar charges, said:

"Of the series of charges given for the defendants, those numbered 1, 3, 5, and 6 required that the jury should be reasonably satisfied by a preponderance of the evidence. Such charges have been held to be misleading, and for this reason the court might have properly refused them.—*K. C., M. & B. R. R. Co. v. Henson,* 132 Ala. 528 [31 South. 590]; *U. S. Fidelity Co. v. Charles,* 131 Ala. 658 [31 South. 558, 57 L. R. A. 312]; *Arndt v. City of Cullman,* 132 Ala. 540 [31 South. 478,

[Birmingham Railway, Light & Power Co. v. Pratt & McCurdy.]

90 Am. St. Rep. 922] ; *Carter v. Fulgham,* 134 Ala. 238 [32 South. 684].''

We, therefore, hold to the rule that charges like those here in question may be refused as misleading, but that it is not error to give them. Charges like those were fully discussed in the case of *Alabama Great Southern Railroad Company v. Robinson,* 183 Ala. 265, 62 South. 913, where the rules as to reversal or affirmance for the giving or the refusing of such charges were clearly stated.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.