(99 South. 772)

## ROTH SHOE MFG. CO. v. KARTUS et al.
### (6 Div. 380.)

(Court of Appeals of Alabama. April 8, 1924.)

**1. Sales 52(1)—Burden of establishing fraud defeating plaintiff's recovery on defendants.**

In action for breach of contract to purchase shoes, defended on ground of fraud of plaintiff's agent in securing the order, though burden was upon plaintiff to establish its right of recovery, burden of establishing fraud was on defendants.

**2. Trial 234(7), 296(7)—Instruction as to defendants' burden in action for breach of contract, though misleading, held not prejudicial.**

In seller's action for breach, defended on ground of fraud of plaintiff's agent in securing the order, instruction that the burden was upon plaintiff "to reasonably satisfy you * * * of its right to recover * * * and if, after a review of all the evidence, your minds are left in such a state of confusion that you are not so satisfied, then your verdict should be for defendants," held misleading but not prejudicial, in view of general charge.

**3. Sales 38(8)—Contract procured by false representations as to price decline clause therein, held voidable.**

If seller's agent obtained contract or order by falsely representing that it contained a price decline protection provision so that buyers signed without reading, buyers would not be bound if they rescinded upon discovery of falsity of representations.

**4. Trial 143—General charge properly refused where evidence in conflict.**

Where evidence is in conflict, a general charge is properly refused.

**5. Trial 82—General objections to question asked defendant as to representations of plaintiff's agent in securing contract held properly overruled.**

In seller's action for breach, defended on ground of fraud of plaintiff's agent in securing the order, general objections to question asked a defendant as a witness, "At the time this contract was made, I will ask you if" plaintiff's salesman "made any representation to you as

to what the contract contained, and if so what?" held properly overruled.

**6. Evidence 471(25)—Question as to representation inducing execution of contract held not to call for conclusion of witness.**

In seller's action for breach, asking defendant, as a witness, to state what representations plaintiff's agent made concerning the contents of the contract, held not objectionable as calling for a conclusion.

**7. Appeal and error 231(6)—That question called for conclusion not reviewable under general objection.**

That question called for conclusion of witness is not reviewable where only general objections were made at trial.

**8. Sales 379—Question seeking to show injury from fraud complained of held properly allowed.**

Where defendants in suit for breach of contract to purchase shoes alleged that plaintiff's agent had fraudulently represented that the contract contained a price decline protection provision, a question asked a defendant as to whether the price of shoes of the contract character and kind had declined after the order was given held properly allowed, since, in the absence of such decline, the fraud complained of would have been without injury.

**9. Fraud 25—Injury essential.**

Fraud without injury is not actionable.

**10. Sales 379—Question as to whether buyer read contract at time of execution held properly permitted in seller's action for breach.**

Where defendants, in suit for breach of contract to purchase shoes, alleged that they executed the contract without reading it, in reliance on fraudulent representations of plaintiff's agent as to its contents, it was not error to permit a defendant to be asked, "At the time that this paper was signed here did you read it over, either in whole or in part"

---

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by the Roth Shoe Manufacturing Company against Harry and Nathan Kartus, doing business as the Sam Kartus Estate, for damages for the breach of a contract of purchase. Judgment for defendants, and plaintiff appeals. Affirmed.

Charges 1 and 2 given for defendants, are as follows:

"(1) I charge you that if you are reasonably satisfied by the evidence that the plaintiff's agent or servant, namely one Mattox, obtained the contract or order for shoes from defendants, and in so doing represented to the defendants that the said contract or order for shoes had a provision therein which would give the defendants the benefit of any decline in prices of shoes of the kind ordered, and said contract had no such provision therein, and that the defendants were induced by said representation of said Mattox to sign the said con-

---

tract or order, and thereupon signed the same without reading it, relying upon said representation of said Mattox, then, in that event, the defendants would not be bound by said contract, and your verdict should be for the defendants, provided defendants duly rescinded the contract upon discovery that such representation was false."

"(2) The burden is upon the plaintiff in this case to reasonably satisfy you by the evidence of its right to recover against these defendants, and if, after a review of all the evidence, your minds are left in such a state of confusion that you are not so satisfied, then your verdict should be for the defendants."

On examination of one of the defendants, this question was propounded by his counsel.

"2. After this order was given for the shoes, state whether or not prices of shoes of this character and kind went down. A. Yes, sir."

The question propounded to one of the defendants, the overruling of objection to which is made the basis of assignment 11, is as follows:

"At the time that this paper was signed here did you read it over, either in whole or in part?"

Mathews & Mathews, of Bessemer, for appellant.

If the contract would have been executed if the fraud had not been practiced, it is immaterial. Brenard Mfg. Co. v. Citronelle Mercantile Co., 140 Ala. 602, 37 South. 509; 1 Benjamin on Sales, § 637; Dawe v. Morris, 149 Mass. 188, 21 N. E. 313, 4 L. R. A. 158, 14 Am. St. Rep. 404; Trustees, etc., v. Wadleigh, 7 Blackf. (Ind.) 102, 41 Am. Dec. 214; Colton v. Stanford, 82 Cal. 351, 23 Pac. 16, 16 Am. St. Rep. 137. The contract being shown, a breach thereof, and damage as a consequence, and there being no material contradiction in the evidence, the affirmative charge was due plaintiff. St. L. & S. F. v. Hall, 186 Ala. 359, 65 South. 33; Norwood v. Stinnett, 202 Ala. 349, 80 South. 431. It is not permissible for a witness to testify to an uncommunicated mental state.

Goodwyn & Ross, of Bessemer, for appellees.

The charges given for defendants were correct. Green v. B. R., L. & P. Co., 187 Ala. 508, 65 South. 781; Bethea-Starr P. & S. Co. v. Mayben, 192 Ala. 542, 68 South. 814; Brenard Mfg. Co. v. Citronelle Merc. Co., 140 Ala. 602, 37 South. 509; Donald-Richard Co. v. Keel, 18 Ala. App. 150, 89 South. 102; Hafer v. Cole, 176 Ala. 242, 57 South. 757; Brewer v. Arantz, 124 Ala. 127, 26 South. 922: Trippe v. Trippe, 29 Ala. 637; Foster v. Gressett's Heirs, 29 Ala. 393; 1 Benjamin on Sales, 691; Sledge v. Scott, 56 Ala. 202; Perry v. Johnston, 59 Ala. 648. The objection in the trial court being general, a special ground cannot be urged on appeal. Jefferson v. Republic I. & S. Co., 208 Ala.

143, 93 South. 890; So. Ry. v. Jordan, 192 Ala. 528, 68 South. 418; Supreme Court Rule 34 (175 Ala. xxi). Other grounds than those stated in an objection are waived. Cooper v. Slaughter, 175 Ala. 211, 57 South. 477; Carter v. State, 205 Ala. 460, 88 South. 571.

SAMFORD, J. [1, 2] This action is grounded upon the breach of a contract, entered into by and between the parties, for the sale and purchase of a lot of shoes, to be manufactured by plaintiff for defendant. The contract was proven, the refusal to comply on the part of defendant, and the amount of damages. The defendant by way of defense, through and by a plea, "in short by consent," alleges fraud on the part of plaintiff's salesman in obtaining the contract, in that the the salesman fraudulently misrepresented the contents of the contract and relying upon this statement and without reading the contract defendant signed same, when otherwise he would not have done so. The evidence without dispute made a prima facie case for plaintiff. The question submitted to the jury was on defendant's plea of fraud. While the burden of proof is on the plaintiff to reasonably satisfy the jury by the evidence of its right to recover, the burden had shifted in this case to the defendants on their plea of fraud. Moses v Katzenberger, 84 Ala. 95, 4 South. 237. Charges very similar to charge 2 requested by defendant and given by the court have been held bad and misleading in B. R. L. & P. Co. v. Milbrat, 201 Ala. 368, 78 South. 224; A. G. S. R. R. Co. v. Robinson, 183 Ala. 265, 62 South. 813; Hobbs Case, 151 Ala. 335, 43 South. 844; Carter v. Fulgham, 134 Ala. 238, 32 South. 684; Arndt v. Cullman, 132 Ala. 540, 31 South. 478, 90 Am. St. Rep. 922. But in Green v. B. R. L. & P. Co., 187 Ala. 508, 65 South. 781, and authorities therein cited, similar charges are held to be correct. From a consideration of many cases on the subject, we conclude that, while the charge is misleading and may be refused without constituting reversible error, the giving of the charge will not authorize the reversal of the cause, in view of the fact that it was subject to explanatory charges at the request of plaintiff. In this case, the court in its general charge having correctly and fully instructed the jury upon the burden of proof and the rights of the parties, the giving of this charge, even if error, did not probably prejudice the plaintiff's cause.

[3] Charge 1 given at the request of the defendant in writing states a correct proposition of law. Bethea-Starr P. & S. Co. v. Mayben, 192 Ala. 542, 68 South. 814.

[4] The evidence was in conflict and therefore the general charge requested by plaintiff was properly refused, and plaintiff's charge, marked B by us, is fully covered in the court's oral charge and moreover the

charge pretermits a consideration of the evidence.

[5-7] Over the objection and exception of plaintiff defendant's counsel was permitted to ask the defendant, as a witness:

"At the time this contract was made, I will ask you if this Mr. Mattox [plaintiff's salesman who made the contract with defendant] made any representation to you as to what the contract contained and if so what?"

The objections on the trial were general and now for the first time the insistence is made that the question called for a conclusion. The question does not call for evidence that is either illegal, immaterial, or irrelevant; the answer is germane to the only issue involved in the plea. Neither does it call for a conclusion, but, if this were a fact, that question could not now be considered, not having been assigned on the trial. Jefferson v. Rep. I. & S. Co., 208 Ala. 143, 93 South. 890. The foregoing also applies to assignment 6.

The objection to question and motion to exclude answer, made the basis of assignments 7 and 8, were general and not here and now reviewable on specific grounds not stated on the trial. Authorities supra.

[8, 9] The question and answer made the basis of assignment 9 were properly allowed. If the price of shoes had not declined, defendant would have been bound by the contract, as in that event, though a fraud might have been shown, no injury would have resulted. Fraud, without injury, is not actionable.

[10] The action of the court in permitting the defendant to ask the question made the basis of the eleventh assignment is without error. One of the material questions in the case was involved in the answer.

In view of the foregoing we must hold that the court did not err in overruling plaintiff's motion for a new trial.

There is no reversible error in the record. Let the judgment be affirmed.

Affirmed.