3736.   PATAPSCO SHOE CO. *v.* BANKSTON.

1. Where a seller of goods, by fraudulent misrepresentations as to the contents of the written contract of sale, induces the purchaser to sign it without reading it, by creating an emergency on account of which the purchaser does not have time or opportunity to inform himself of the contents of the writing, the contract is not enforceable against him.

2. The mere fact, however, that the purchaser signed the contract under such an emergency without ascertaining its contents will not authorize him thereafter to repudiate it, in the absence of fraudulent misrepresentations or conduct on the part of the seller which misled the purchaser as to the contents of the writing.

3. Applying to the facts of the present case the principles laid down in the preceding headnotes, the court erred in allowing the amendment to the defendant's answer and in granting a new trial.

DECIDED MARCH 6, 1912.

Complaint; from city court of Ocilla—Judge Oxford. August 18, 1911.

*Newbern & Meeks,* for plaintiff. *R. M. Bryson,* for defendant.

POTTLE, J. This was a suit brought by a seller of goods upon a contract signed by both parties, to recover the purchase-price. The contract stipulated that the price should be due within ten days. Over objection of the plaintiff, the court allowed a plea setting up that there was a custom in the locality in which the defendant did business to allow sixty days on purchases of this character; that the agent for the seller knew of this custom, and that he presented the contract to be signed, containing a stipulation that the price should be due in ten days, stating at the time that he had to catch a train which was about to leave, and that the defendant, on account of this emergency, signed the contract, supposing that it contained the stipulation allowing him sixty days credit. At the trial, defendant testified that when the plaintiff's agent came to him to take the order for the shoes, he was waiting on a customer, and the agent said that he had only a few minutes in which to catch a train. He told the defendant to sign the order quickly, as he was in a hurry to catch the train, and the defendant took it for granted that the shoes were sold to him on the terms on which everybody sold them, and signed the contract. The defendant never bought any shoes in his life, so he testified, unless on sixty days time, and sometimes six months, except on one occasion, when he bought on thirty days credit. When the goods arrived the defendant declined to receive them, paid the freight on them, and shipped them back to the plaintiff. There was other testimony, of a witness for the defendant, to the effect that so far as the witness knew, shoes were always sold in the locality in question upon a credit of from sixty days to six months, but the witness could not testify that all buyers got the same terms. At the conclusion of the evidence the court directed a verdict in favor of the plaintiff, for the full amount

sued for. The defendant filed a motion for a new trial, containing the general grounds and some special assignments of error. The judge granted the motion for a new trial and set aside the verdict which he had previously directed. The plaintiff excepted to this judgment, and also to the judgment allowing the amendments to the defendant's pleas.

1. The first conclusion of the trial judge was correct. The evidence demanded a verdict in favor of the plaintiff. One who can read must read, or take the consequences of his failure to do so. A purchaser of goods has no right to rely upon the representation of the seller as to the contents of the contract of sale, and can not be relieved of the consequences of his own neglect in failing to ascertain the contents of the writing, unless the seller creates an emergency or does some act which prevents the purchaser from reading the contract. *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268). But if the seller fraudulently misrepresents the contents of the writing and at the same time creates an emergency, or does some act which prevents the purchaser from reading the contract, the purchaser is not bound. *Wood* v. *Safe Co.,* 96 *Ga.* 120 (22 S. E. 909) ; *McBride* v. *Telegraph Co.,* 102 *Ga.* 422 (30 S. E. 999).

2. But in order for the purchaser to be relieved, two things must concur: (1) there must be a fraudulent misrepresentation by the seller, acted on by the purchaser; and (2) the seller must do something which would relieve the purchaser of the duty resting upon him to read the contract himself and ascertain its terms. *Chandler-Blackstock Mercantile Co.* v. *Price,* ante, 383 (73 S. E. 413). In the present case it is not alleged that the seller made a misrepresentation of any character. The defendant relies solely upon the fact that he signed the contract hurriedly because of the agent's statement that he had to catch a train, and upon a custom in the community, known to the agent, under which shoes were sold upon a credit of not less than sixty days. Neither the defendant's plea nor his proof comes up to the rules laid down in former decisions. No such fraud on the part of the agent was shown as would entitle the defendant to relief from the contract. The mere fact that a custom existed in the community under which the defendant had been permitted by other sellers to have sixty days or more within which to pay for goods which he had bought would not be

sufficient to avoid the contract.  In the first place, it is not shown that this was such a universal custom as to have become, by implication, a part of the contract, and in the second place, in order to entitle the purchaser to relief, he must plead and prove some actual fraud on the part of the seller, some actual misrepresentation by which he was misled, as to the contents of the writing, and, in addition to this, some legal excuse for his failure to read it.

3.  The amendments to the plea in this case should have been disallowed.  The evidence for the defendant was wholly insufficient to establish any defense, and the court properly directed a verdict in favor of the plaintiff.  This being so, it was error to grant a new trial.

There are some special assignments of error in the amended motion, complaining of the sustaining of a demurrer to portions of the defendant's answer.  Such an assignment of error has no proper place in a motion for a new trial and can not be considered.  The court properly excluded the testimony of a witness offered by the defendant to the effect that he had never bought any shoes but once that he did not have from sixty days to six months within which to pay for them, and that once he had thirty days.  This evidence was wholly irrelevant and immaterial.  There was no sufficient reason alleged in the amended motion for granting a new trial.

*Judgment reversed.*