(89 South. 102)

DONALD–RICHARD CO. v. KEEL.
(4 Div. 686.)

(Court of Appeals of Alabama. May 17, 1921.)

1. Sales ⟨key⟩38(8)—Void where signature procured by fraud.

A contract of sale of goods was void where the purchaser's signature to the order was procured by fraud.

2. Estoppel ⟨key⟩78(1)—Statements contained in order signed through misrepresentation not to be pleaded by way of estoppel.

Statements contained in an order for goods, if the order itself is void by reason of fraud and misrepresentation, cannot be pleaded by way of estoppel against the purchaser.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Action by the Donald-Richard Company against S. P. Keel on the common counts and special assumpsit. Judgment for defendant, and plaintiff appeals. Affirmed.

The plea is as follows:

Comes the defendant, and for answer to each and every count of said complaint, separately and severally, says: That this suit is based upon a written order or contract alleged to have been executed by the said S. P. Keel, the defendant; further says that the said written order or contract was procured from defendant by and through plaintiff's agent, by means of misrepresentation, false pretenses and fraud in this, to wit: The said plaintiff's agent solicited from defendant an order for certain merchandise, goods, and chattels offered for sale by plaintiff's agent for said plaintiff, and that defendant agreed with plaintiff's agent to execute an order or contract for the sale and shipment to him of an amount of said goods, merchandise, and chattels, not to exceed in value or price, as listed on said order, the sum of $74.40, and defendant further avers that at or about the time of the said transaction the agent of plaintiff prepared or produced a written or printed or partly printed and written agreement or order, which the said agent of plaintiff deceitfully and fraudulently presented to the said S. P. Keel and represented to the said defendant that the same contained his order for said goods, merchandise, or chattels, as ordered by defendant, not exceeding in price or value the sum of $74.40, and defendant, relying upon the said false pretense and representation of the said agent of plaintiff, signed his name to said order prepared or presented by

plaintiff's agent without reading the same, and defendant avers that the said order as signed by him did not contain the agreement or terms of his verbal order as previously made by him with the said agent of the plaintiff, but contained terms and stipulations entirely different and unknown to the defendant and contained an order for twice the amount of said goods, merchandise, or chattels as ordered by the defendant and amounting to twice the price or value of the amount ordered by the defendant, and defendant further avers that he did not intend to sign said contract or agreement as it was prepared and presented to him by the agent of the plaintiff, and plaintiff avers that upon receiving of said goods, merchandise, or chattels made by plaintiff to him, and upon his discovery that the same was in excess of his order as given to said agent of plaintiff, he thereupon rescinded said order or contract, refused the said goods, and shipped the same back to plaintiff.

Wherefore the plaintiff ought not to have or maintain this suit.

The replication to the plea is as follows:

That on or about the 16th day of February, 1918, its soliciting salesman called upon the defendant at his place of business at Fitzpatrick, Ala., for an order for perfume and other articles of merchandise which in the aggregate amounted to $148.80, and that on said date the defendant gave to said soliciting salesman his order for such articles; that an itemized statement of each of the articles so ordered by the defendant together with the price of each article was contained in a written order then given by the defendant to said soliciting salesman, and which order was at the time signed by the defendant; that said order contains, among other stipulations, the following: "The following as the list of goods contained in this order"—also the following stipulation: "Important. Our agent is a soliciting salesman, and this order is subject to our approval or disapproval at our laboratory. Purchaser therefore understands and agrees that this order when accepted by the company is the complete agreement and only conditions showing hereon, either in printing or writing, shall be binding on either party"—also the further statement and stipulation: "Fitzpatrick, Ala., County of Bullock. Dated 2/16/18. Donald-Richard Company Laboratory: On your approval of this order please deliver at your earliest convenience to the most convenient transportation company. The goods listed in this order upon the terms named herein and no others, all of which I fully understand and approve. [Signed] S. P. Keel." And the plaintiff avers that the said order was received by them on or about the 19th day of February, 1918, and immediately upon the receipt of same the plaintiffs accepted said order and wrote a letter to the defendant on said date notifying him of their acceptance of said order, and inclosed with said letter of acceptance an exact copy of said order, which letter on the same date was sent by usual course of mail properly stamped to the defendant's address at Fitzpatrick, Ala.; that on or about the date last named plaintiff also packed and properly addressed to S. P. Keel at Fitzpatrick, Ala., and delivered to the nearest transportation company at Iowa City, Iowa, the articles named in said order and addressed to defendant at Fitzpatrick, Ala., and plaintiff avers that any stipulation and any agreement not contained in said written order was without plaintiff's knowledge or consent, and plaintiff's entire contract with defendant is contained in said order signed by the defendant. And the defendant is estopped from setting up as a defense to the plaintiff's suit any verbal statement or representations made to him by the plaintiff's soliciting salesman which are not in accordance with the written order signed by the defendant, and which is the foundation for the plaintiff's cause of action.

This replication was stricken on motion of the defendant.

Norman & Rainer, of Union Springs, for appellant.

The facts as set forth in the replication were in avoidance of the plea and by way of estoppel, and were properly presented. 161 Ala. 320, 49 South. 797; 10 Ala. App. 262, 64 South. 533; 157 Ala. 532, 47 South. 595; 139 Ala. 624, 36 South. 783. Court erred in striking the replication. 130 Ala. 435, 30 South. 504; 136 Ala. 661, 33 South. 869. Court erred in denying to the plaintiff the affirmative charge. 139 Ala. 624, 36 South. 783.

L. M. Mosely, of Union Springs, for appellee.

The appellant could not reply to a plea setting up fraud, and said replication was properly stricken. 81 Ala. 255, 1 South. 212; 73 Ala. 537; 70 Ala. 251; 61 Ala. 387. Motions to strike are addressed to the sound discretion of the court. 108 Ala. 660, 18 South. 687; 109 Ala. 313, 19 South. 507. The matters pleaded as an estoppel were not good. 112 Ala. 642, 20 South. 1003; 110 Ala. 143, 20 South. 67; 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58; 81 Ala. 255, 1 South. 212.

SAMFORD, J. [1, 2] Plaintiff sued for goods, wares, and merchandise sold and delivered upon a written order. Defendant pleaded that his signature to the order had been procured by fraud and misrepresentation, and that upon discovery of the fraud he had rescinded and redelivered the merchandise to plaintiff. Plaintiff filed a replication, in effect denying the allegations of fraud in the plea and undertaking to set up an estoppel against the defendant, by reason of certain statements in the written order alleged to have been fraudulently obtained. On motion this replication was stricken. We do not pass upon the sufficiency of the plea, for the reason that no assignment of error takes the point. We must therefore consider the plea as a complete answer to the complaint. That being the case, if the plea is true, the whole transaction is vitiated, there being no rule better known to the law than that fraud

vitiates any transaction into which it enters. On the other hand, if the defendant fails to sustain his plea plaintiff would be 'entitled to a judgment. But statements contained in the order, if the order itself is void by reason of the fraud as alleged, could not be pleaded by way of estoppel against the defendant. The plaintiff got the benefit of every reply to which he was legally entitled under the general replication. Burroughs v. Pacific Guano Co., 81 Ala. 255–259, 1 South. 212; C. & W. Ry. v. Bridges, 86 Ala. 448, 5 South. 864, 11 Am. St. Rep. 58.

The only other assignment of error is that the court refused to give at the request of plaintiff, the general charge. There was evidence from which the jury was authorized to find a verdict for defendant on his plea, and hence the charge was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.