14235.   CUNNINGHAM BROTHERS *v.* LOUISVILLE & NASHVILLE
RAILROAD CO.

BELL, J.   This was an action for damages in the municipal court of At-
lanta, which resulted in a verdict for the defendant.  A different ver-
dict was not demanded by the evidence, and there was no error in over-
ruling the certiorari of the plaintiff, based on the general grounds only.
        *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*
               DECIDED NOVEMBER 23, 1923.

Certiorari; from Fulton superior court—Judge Bryan.   Novem-
ber 29, 1922.

*W. H. Lewis, Paul L. Lindsay,* for plaintiff.
*Tye, Peeples & Tye,* for defendant.

---

14255.   BARRON G. COLLIER INC. *v.* BAILEY.

BELL, J.   1.  Where a party who is sued upon a contract defends upon
the ground that he was induced to sign it by the misrepresentation of
material facts, made under circumstances amounting to fraud, it is
competent for him to testify that the representation induced him to act,
and that without it he would not have entered into the contract.  *Chan-
dler Co.* v. *Price,* 10 *Ga. App.* 383 (1) (73 S. E. 413); Civil Code (1910),
§ 4410; 12 R. C. L. 431, 178.  See also notes in 23 L. R. A. (N. S.)
393-4.  The municipal court therefore erred in rejecting the evidence of
this character, as alleged in paragraphs 6 and 7 of the certiorari.
2.  Independently of the above, the evidence admitted did not demand the
verdict as directed for the plaintiff, and the superior-court judge did
not err in setting the verdict aside on the defendant's certiorari.  This
evidence would have authorized the inference of fraudulent misrepresen-
tations of material facts by the agent of the plaintiff, acted on by the
defendant to his injury, and also of such artifice as would justify a
finding that the defendant was relieved of the duty of reading the con-
tract to ascertain its terms before its execution.  Under these circum-
stances the defendant's evidence of the plaintiff's representations was not
ineffective as contravening the parol-evidence rule, though some (but
not all) of the alleged representations were at variance with the writing.
*Patapsco Shoe Co.* v. *Bankston,* 10 *Ga. App.* 675 (2), 677 (74 S. E. 60);
*Angier* v. *Brewster,* 69 *Ga.* 362 (1); *Brooks* v. *Matthews,* 78 *Ga.* 739
(3 S. E. 627); *Chandler Co.* v. *Price,* supra; *McBride* v. *Macon Tele-
graph Pub. Co.,* 102 *Ga.* 422 (2) (30 S. E. 999).
        *Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*
               DECIDED NOVEMBER 23, 1923.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones.
January 5, 1923.

*Jones, Park & Johnston,* for plaintiff.
*Powers & Powers,* for defendant.