NIGHT COMMANDER LIGHTING CO. *v.* MICHELSEN.

1. FRAUD—MISREPRESENTATION AS TO MATERIAL EXISTING FACT.

A representation by plaintiff's agent that a contract for the sale of a lighting plant to defendant, who could not read, contained a provision that the plant was to remain the property of plaintiff until six months after its installation, and that if it did not work satisfactorily at that time plaintiff would remove it without expense to defendant, *held*, a representation as to a material existing fact, and, if false, and relied upon by defendant, constituted fraud.

2. SAME—EVIDENCE—QUESTION FOR JURY.

In an action on a note given for the purchase price of a lighting plant, where the evidence was in conflict as to whether defendant was induced to sign the contract by fraud, the court correctly declined to direct a verdict and properly submitted the issue to the jury.

Error to Washtenaw; Sample (George W.), J.    Submitted January 17, 1924.    (Docket No. 78.)    Decided April 10, 1924.

Assumpsit by the Night Commander Lighting Company against Carsten C. Michelsen on a promissory note.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

*A. F. Freeman* (*Charles W. Nichols,* of counsel), for appellant.

*Cavanaugh & Burke* (*Henry C. Bogle,* of counsel), for appellee.

McDONALD, J.    This action is brought to recover on a promissory note for $375 made by the defendant to the plaintiff in payment of a gas lighting plant. The defendant is a farmer residing near the village of Milan in Washtenaw county, Michigan.    The plaintiff is a Michigan corporation with its principal place of business at the city of Jackson.    It is engaged in the manufacture and sale of a gas lighting system.    On the 22d day of January, 1921, the defendant gave a written order to one of the plaintiff's salesmen for a generator and the necessary equipments to light his house and barn, for which he agreed to pay on installation $375 in cash, or to give his note for six months without interest.    The order or contract also provided that no agreements not included therein should be binding.    The company accepted the order and sent a letter of acknowledgment to the defendant in which the terms of the contract were recited.    The installation was completed on the 10th of February, 1921, at which time the note in suit was given.    Accompanying the note and contract was a written guaranty by the plaintiff.    When the note became due defendant refused to pay and this suit

was brought.    On the trial the defendant claimed
several defenses, the principal one being that he was
induced to sign the contract by fraud of the plaintiff's
salesman, who falsely represented to him that it con-
tained a provision that the plant should remain the
property of the company for six months after installa-
tion, and that if it did not work satisfactorily by that
time the plaintiff would take it out without any ex-
pense to him.    He also claimed that the note was
procured by fraud and misrepresentation; that it was
without consideration; that the guaranty had not been
complied with; that the plant did not work satis-
factorily and that plaintiff refused to remove it.    At
the conclusion of the proofs the plaintiff moved for
a directed verdict.    The court denied the motion and
submitted the case to the jury.    The defendant was
given a verdict upon which judgment was entered.
The plaintiff brings error.

The questions involved relate to the refusal of the
court to direct a verdict and to his ruling in admitting
evidence in support of the special defense that at the
time of the execution of the written contract or order,
the plaintiff's salesman represented that it contained
a provision to the effect that the title to the lighting
plant would remain in the company for six months;
that if it did not work satisfactorily by that time the
company would remove it at its own expense, and that
the defendant would be free from liability.

It is the plaintiff's contention that this testimony
was inadmissible because it is in direct contradiction
to the terms of the written contract and note; that,
if true, it does not amount to fraud, but is merely an
unfulfilled false promise of something to be done in
the future, made at the time of the execution of the
contract and in variance with its terms.    In support
of this contention they cite and rely on *Kulenkamp* v.
*Groff*, 71 Mich. 675 (1 L. R. A. 594, 15 Am. St. Rep.
283).    The trouble with counsel's argument is that it

is based on a misunderstanding of the facts.    It is not here claimed by the defendant that he was induced to sign the contract because of a representation by the salesman that his company would do something in variance with the writing.    It is the defendant's claim that the salesman misstated the contents of the contract; that he could not read; that his wife signed his name to the contract; that she did not read it; that they relied on the salesman to correctly state its contents; that he represented to them that it contained a provision that the lighting plant was to remain the property of the company until six months after its installation, and that if it did not work satisfactorily at that time the company would remove it without expense to the defendant; and that he directed his wife to sign his name in the belief that the contract contained such a provision.    This was a representation that a certain material fact existed which did not exist.    If made and relied on it constituted fraud. In *Boston Piano & Music Co.* v. *Clothing Co.,* 199 Mich. 141, Mr. Justice FELLOWS clearly distinguishes between the effect of statements promissory in character and statements of material existing facts.    We quote:

"Statements promissory in their character that one will do a particular thing in the future are not misrepresentations, but are contractual in their nature, and do not constitute fraud.  *  *  *

"If misrepresentations of material facts are made to induce the contract, and do induce it, evidence of such misrepresentations may be given for the purpose of establishing fraud."

We think the testimony in the instant case falls within the rule as to false representations of material facts and was therefore admissible.    The record shows a conflict in the evidence as to whether the defendant was induced to sign the contract and note by fraud.    It presented a question for the jury.    The court correctly declined to direct a verdict and with

proper instructions submitted the issue to the jury.

No other assignments are discussed in plaintiff's brief.

The judgment is affirmed, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.