## COMMERCIAL JEWELRY CO. v. BRACZYK.
### (No. 267.)

(Court of Civil Appeals of Texas. Waco. Nov. 26, 1925.)

**1. Sales ⬅➡38(8)—Written contract void where purchaser's signature obtained by fraud.**

Where terms of sale contract are agreed on orally, and salesman prepares and presents new contract and represents that it embraces terms agreed, and purchaser signs without reading or having it read, relying on representation, and new contract differs materially from contract agreed on, new contract may, as between parties thereto, be avoided on ground that purchaser's signature was obtained by fraud.

**2. Evidence ⬅➡434(11)—Parol testimony held admissible to show no contract actually agreed on and consent obtained by fraud.**

Where purchaser's signature to new contract differing materially from contract actually agreed on was obtained by salesman's fraud, parol testimony is admissible, not to vary its terms, but to show that no such contract was actually agreed on and that purchaser's apparent assent was secured by fraud.

**3. Sales ⬅➡38(8)—Fraud in procuring contract makes it invalid.**

Where fraud in procuring purchaser's signature to new sales contract is established by parol testimony, showing that no such contract was actually agreed on, the writing purporting to be a contract is invalid, since party thereto never agreed to its terms.

**4. Sales ⬅➡38(8)—When presentation of writing for signature is representation that stipulations thereof are same as orally agreed on, stated.**

Where oral sales contract is agreed on and salesman presents writing to be signed without asserting that it correctly states agreement, but without disclosing that it is materially different, if it reasonably appears that complaining party was justified in believing that it was represented as correct embodiment of actual agreement and that it was intended that he should so believe, then presentation is in effect representation that stipulations thereof are the same as those agreed upon orally.

**5. Sales ⬅➡38(8)—When failure of purchaser to read writing presented presents no bar to relief, stated.**

Where sales contract was agreed on orally and purchaser was justified in believing that writing presented for signature correctly embodied actual agreement, his failure to read or call for reading of the writing so presented constitutes no bar to relief; salesman's fraud not being offset by negligence of purchaser.

**6. Contracts ⬅➡94(5)—Person signing writing induced by fraud may attack it, although negligent in not discovering fraud therein.**

While one is generally bound by a writing signed but not read, where signature to contract obtained by fraud was imposition practiced upon signer with intent to deceive him as to import thereof, he may attack it, although he might have discovered fraud by reading contract and was negligent in not doing so.

Appeal from District Court, Brazos County; W. C. Davis, Judge.

Action by the Commercial Jewelry Company against Frank Braczyk. Judgment for defendant, and plaintiff appeals. Affirmed.

Oak McKenzie, of Bryan, for appellant.
W. S. Barron, of Bryan, for appellee.

GALLAGHER, C. J. This suit was brought by the Commercial Jewelry Company, appellant herein, against Frank Braczyk, appellee herein, to recover the sum of $297 for merchandise alleged to have been sold by appellant to appellee on written order signed by him. Appellee alleged that the merchandise was sold to him on approval, with the privilege of returning the same on receipt and inspection; that having received and inspected said merchandise, he elected to return and did return the same. Appellee also alleged that his signature to the written order was obtained under circumstances amounting to fraud. There was a trial before the court and judgment for appellee.

Appellant introduced in evidence an unconditional order for the merchandise, duly signed by appellee. Said order contained the following provision:

"Please ship to me at your earliest convenience the goods above listed, which I hereby purchase on above terms and conditions, all of which I have carefully read and found satisfactory. I agree that no statement or agreement made by the salesman or myself will be a part of this agreement or binding on you unless same is reduced to writing on the original order received and accepted by you. Positively no goods on commission or assignment."

The merchandise described in the order was shipped to appellee, received and inspected by him, and promptly returned to appellant by carrier. Appellant refused to receive the same.

Appellee was the only witness examined on the trial of the case. The court filed conclusions of fact based on his testimony. The statement of facts here made is based on said findings. Appellee, Frank Braczyk, is an illiterate Bohemian, speaking English brokenly and imperfectly. At the time of the transaction under consideration, he was operating a soft drink and fruit stand, and was not handling and had never handled jewelry. The salesman stated to him that the merchandise, which consisted mostly of cheap jewelry, was to be sent to him for examination, and if not found satisfactory for any reason, that said merchandise could be returned and no charges would be made against him. He further represented to appellee that it was necessary for him to sign an order, but that the same was a mere formality. Appellee was induced by said representations to sign said order. Appellee did not read the order and the salesman did not read the same to him. Appellee was not capable of fully understanding the order if the same had been read to him. He signed the same relying upon the statement of the salesman that he was not bound to take the goods but could return the same without expense to him if he saw fit to do so. He would not have signed such order if he had known that the same constituted an unconditional order for said merchandise and bound him to keep and pay for the same.

[1-3] Appellant contends that the court erred in permitting appellee to testify to the facts above recited, claiming that the introduction of said testimony was an attempt to vary the terms of a written contract, and that such testimony was insufficient to justify the judgment for appellee rendered herein. Where the terms of a contract of purchase and sale have been agreed upon orally and the salesman prepares a written contract and presents it for signature and represents that it embraces the terms agreed upon, and the purchaser signs the same without reading it or having it read to him, relying on such representation, and it appears that such written contract differs materially from the contract actually agreed upon, such written contract may as between the parties thereto be avoided on the ground that the purchaser's signature thereto was obtained by fraud. Parol testimony is received in such cases, not to vary the terms of the written contract, but to show that no such contract was actually agreed upon and that the complaining party's apparent assent thereto was not a real assent but was secured by such fraudulent means. Where such fraud is established, the writing purporting to be a contract is declared invalid, since the defrauded party never agreed to the terms thereof. Mutual Life Ins. Co. v. Hargus (Tex. Civ. App.) 99 S. W. 580, 581; Federal Life Insurance Society v. Hoskins (Tex. Civ. App.) 185 S. W. 607, 608, 609; Equitable Life Assurance Society v. Maverick (Tex. Civ. App.) 78 S. W. 560, 561; Fiorito v. Clyde Equipment Co. (C. C. A.) 2 F. (2d) 807, 808, 809; Roth Shoe Mfg. Co. v. Kartus, 19 Ala. App. 612, 99 So. 772; Night Commander Lighting Co. v. Michelsen, 226 Mich. 668, 198 N. W. 188, 189; Donald-Richard Co. v. Keel, 18 Ala. App. 150, 89 So. 102; McCaull-Dinsmore Co. v. Stevens, 59 Mont. 206, 194 P. 213; Tait v. Locke, 130 Mo. App. 273, 109 S. W. 105; Charles City v. Telford, 211 Ill. App. 149; Patapsco Shoe Co. v. Bankston, 10 Ga. App. 675, 74 S. E. 60; Pictorial Review Co. v. Gerald Fitz Gibbon & Son, 163 Iowa, 644, 145 N. W. 315; Disney v. St. Louis Jewelry Co., 76 Kan. 145, 90 P. 782.

[4] All the above cases involve a specific misrepresentation with reference to the contents of the written instrument presented for signature. The same rule, however, is applied where an oral contract of sale has been agreed upon and the salesman in that connection presents a writing to be signed without asserting in specific terms that such writing correctly sets forth such agreement, but without disclosing that such writing is materially different from the actual agreement, if upon a consideration of all the circumstances it reasonably appears that the complaining party was justified in believing

that such writing was presented as a correct embodiment of the actual agreement, and that it was intended that he should so believe. The presentation of a writing for signature under such circumstances is in effect a representation that its stipulations are the same as those agreed upon in the oral negotiations. Compagnie Des Metaux Unital v. Victoria Mfg. Co. (Tex. Civ. App.) 107 S. W. 651; Western Mfg. Co. v. Cotton & Long, 126 Ky. 749, 104 S. W. 758, 760, 761, 12 L. R. A. (N. S.) 427; Bixler v. Wright, 116 Me. 133, 100 A. 467, L. R. A. 1917F, 633, and authorities there cited; J. Weil & Co. v. Quidnick Mfg. Co., 33 R. I. 58, 80 A. 447, 450.

[5, 6] The failure of the purchaser, under such circumstances, to read or call for the reading of the writing so presented for his signature, constitutes no bar to appropriate relief. The fraud of the salesman in such cases is not offset in law by the mere negligence of the purchaser. While a party is generally bound by a writing signed without reading, where a signature to an order or contract is procured by fraud or imposition practiced upon the signer with intent to deceive him as to the import thereof, he may attack such writing for fraud, although he might have discovered the fraud by reading the writing and was negligent in not doing so. We do not subscribe to the doctrine that confidence on the part of the purchaser in the honesty and integrity of the salesman will license fraud or deception on his part. Compagnie Des Metaux Unital v. Victoria Mfg. Co., supra, page 652; Dunston Lithograph Co. v. Borgo, 84 N. J. Law, 623, 87 A. 334–335; Western Mfg. Co. v. Cotton & Long, supra; Bixler v. Wright, supra, 116 Me. 133, 100 A. 469, 470, and authorities there cited.

The court in this case further found that appellant's salesman was guilty of fraud in securing appellee's signature to the order, and this finding is not without support in the evidence.

The judgment of the trial court is affirmed.